IN THE UNITED STATE DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CLARA UWAMU | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | **Civ. Action No. 9:17-cv-177** |
| BRANDI MCENTIRE; METROPOLITAN | § | |
| PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY d/b/a | § | |
| METLIFE AUTO & HOME | § | |
| | § | |
| **Defendants** | § | |

## DEFENDANT'S METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a METLIFE AUTO & HOME** ("hereafter referred to as **"METROPOLITAN"**), Defendant in the above entitled and numbered cause, and  hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned from the 159th Judicial District Court of Angelina County, Texas to the United States District Court for the Eastern District of Texas, Lufkin Division, and states that removal is proper for the following reason:

## PROCEDURAL HISTORY

1.      On October 26, 2016, an Original Petition (the "Petition") was filed on behalf of Plaintiff **CLARA UWAMU** ("Plaintiff") in the 159th Judicial District Court in the County of Angelina, Texas, entitled "Clara Uwamu v. Brandi McEntire", designated Cause No. CV-00715-16-10

(Exhibit 1). The Petition alleges counts of negligence against Defendant Brandi McEntire arising out of an automobile accident on July 7, 2015.

2.      On or about April 4, 2017, Plaintiff file Plaintiff's First Amended Original Petition assert the claims against Defendant McEntire, but also alleging claims against Defendant, **METROPOLITAN** (Exhibit 2). Plaintiff maintained in the petition that Defendant McEntire was an uninsured motorist and that Defendant **METROPOLITAN** was obligated to Plaintiff under the uninsured/underinsured motorist benefits of an insurance policy. Plaintiff sought declaratory judgement under the uninsured/underinsured motorist benefits policy for the damages related to the accident, but additionally asserted claims for damages for breach of contract, insurance code violations under Chapters 541 and 542 of the Texas Insurance Code, common law bad faith, and violations under the Texas Deceptive Trade Practices and Consumer Protection Act. Plaintiff's allegations assert damages for policy proceeds; extra-contractual damages allowed under the Texas Insurance Code including mental anguish and loss of benefits under the policy; treble damages allowed under TEX. INS. CODE § 541; equitable relief allowed under TEX. INS. CODE § 541; statutory damages of 18% per year on the full amount of the award pursuant to TEX. INS. CODE § 542; actual damages allowed under TEX. BUS. & COM. CODE § 17.50; mental anguish allowed under TEX. BUS. & COM. CODE § 17.50; additional damages allowed under TEX. BUS. & COM. CODE § 17.50 for knowing and/or intentional violations; and any and all damages allowed under Texas law for Defendant's breach of the insurance contract.  Plaintiff also alleges claims for exemplary and punitive damages and attorney's fees against Defendant **METROPOLITAN**.

3.      Defendant **METROPOLITAN** filed its answer to the Plaintiff's 1st Amended Original Petition on May 26, 2017 (Exhibit 3). Additionally, Defendant **METROPOLITAN** filed its

Motion to Sever & Abate the contractual and extra-contractual claims of Plaintiff on May 26, 2017 (Exhibit 4).

4.     Following a hearing with the court on or about August 29, 2017, the Court entered an Order of Severance on August 29, 2017, abating the claims of breach of contract, insurance code violations, common law bad faith, DTPA and all claims for damages (Exhibit 5). Service of the Notice of the Order of the Court was issued to the parties on September 8, 2017 establishing a new cause under designated Cause No. CV-00715-16-10-A (Exhibit 6).

5.     True and correct copies of the Citations and Petitions, Motion, Order and Service are attached to the Index of Matters Being Filed, filed concurrently herewith.

6.     As discussed in greater detail below, jurisdiction based on diversity citizenship is proper because none of the Defendants are citizens of the State of Texas.

## GROUNDS FOR REMOVAL

7.     Based on the foregoing, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and the matter is removed pursuant to 28 U.S.C. § 1441 and § 1446. The amount in controversy in Plaintiff's Petition is in excess of $75,000.00, as required by 28 U.S.C. § 1332. This Notice of Removal is timely because it is being filed within thirty (30) days of Defendant's receipt of the Services of the Order of the Court on September 8, 2017, and within one (1) year of the commencement of this action. 28 U.S.C. § 1446(b).

## PROCEEDINGS IN STATE COURT

8.     Defendant appeared and filed an answer in the State Court Proceeding. However, Defendant asserted a Motion to Abate and Sever the contractual and extra-contractual claims. Upon the Court's grant of the Order to sever the claims, establishing a new cause under designated Cause No. CV-00715-16-10-A, diversity jurisdiction arose.

9.      Removal is timely under 28 USCS §1441(b)(3) because this motion is filed within 30 days of the service of the order from which removal was proper.

## CITIZENSHIP OF THE PARTIES

10.     The Petition, and each alleged cause of action contained therein, may be properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens or entities of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### a. Plaintiff Is a Citizen of Texas.

Plaintiff's own allegations in the Petition establish that it is a citizen of the State of Texas. Specifically, Plaintiff alleges she is an individual residing in Angelina County, Texas, ¶ II.

### b. METROPOLITAN is Not a Citizen of Texas.

Defendant **METROPOLITAN**, at all times applicable was and is a citizen of a State other than Texas within the meaning of 28 U.S.C. § 1332(c)(1). Defendant is a company organized and maintaining its principal place of business in Rhode Island. Attached as part of appendix it is the Rhode Island Department of State, Business Portal for **METROPOLITAN** (Exhibit 7).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

11. While Defendant **METROPOLITAN** denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.00. As explained by the Fifth Circuit, a defendant may make a showing that the amount in controversy is over $75,000.00 either of two ways: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000.00, or (2) by setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193

F.3d 848, 850 (5th Cir. 1999). Other items to be considered in ascertaining the amount in controversy include potential attorney's fees, penalties, statutory damages, and punitive damages . . . just not interest or costs. *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

12.     Here, it is obvious from the face of the Petition that the claims are well over $75,000.00. Plaintiff alleges damages as a result of the automobile accident for past and future medical expenses, past and future pain and suffering, past and future impairment, past and future lost wages, past and future mental anguish and past and future loss of household services. Plaintiff's allegations assert damages for policy proceeds; extra-contractual damages allowed under the Texas Insurance Code including mental anguish and loss of benefits under the policy; treble damages allowed under TEX. INS. CODE § 541; equitable relief allowed under TEX. INS. CODE § 541; statutory damages of 18% per year on the full amount of the award pursuant to TEX. INS. CODE § 542; actual damages allowed under TEX. BUS. & COM. CODE § 17.50; mental anguish allowed under TEX. BUS. & COM. CODE § 17.50; additional damages allowed under TEX. BUS. & COM. CODE § 17.50 for knowing and/or intentional violations; and any and all damages allowed under Texas law for Defendant's breach of the insurance contract.   Plaintiff also alleges claims for exemplary and punitive damages and attorney's fees against Defendant **METROPOLITAN**. Plaintiff does not identify a specific sum of money alleged in her prayer for relief.

13.     When a petition does not specify the amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); *Gebbia v. Wal-Mart*, 233 F.3d 880, 882 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "In other

words, where the plaintiff's claims can be proved to be of the type that are worth more than [$ 75,000.00], they can be removed unless the plaintiff can show he is legally bound to accept less." *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir. 1995 n. 14); *accord Randle v. Smithkline Beecham Corp.,* 338 F. Supp. 2d 704, 711 (S.D. Miss. 2004); *Williams v. State Farm Mut. Auto. Ins. Co.,* 931 F. Supp. 469, 471 n.3 (S.D. Tex. 1995).

14.     As a result of Plaintiff's accident she asserts physical injuries and medical expenses related to those physician injuries. A hospital lien from Nacogdoches Memorial Hospital was filed pursuant to Texas Property Code §55.001, which remains outstanding. Medical expenses incurred by Plaintiff include (a0 Texas Emergency Room Staffing $1,105.00; (b) Nacogdoches Memorial Hospital $6,851.00; (c) Radiology Consultants of Nacogdoches/Acclaim Radiology $377.00; (d) Brookshire Pharmacy $8.07; (e) Woodland Heights Medical Center $5,522.48; (f) Lufkin Radiology Associates $215,00 (g) Dr. Terry Wells $432.00; (h) Angelina Emergency Medical Associates $1,237.00 and (i) Angelina Rehabilitation Center $4,865.00 for a total of $20,237 in past medical expenses (Exhibit 8). Considering the alleged personal injury elements of damage coupled with the extra-contractual allegation including trebling of damages or punitive/exemplary damages, the $75,000.00 jurisdictional threshold is clearly met pursuant to Plaintiff's Petition.

## DIVERSITY EXISTS

15.     As stated previously, Plaintiff is a resident of Texas and Defendant is a resident of Rhode Island.

16.     Plaintiff, in its petition to the Court in the severed cause of action, Cause No. CV-00715-16-10-A, includes allegations of liability against the original Defendant McEntire. The Order of

the Court specifies that only the contractual and extra-contractual claims against Defendant **METROPOLITAN** as included in the severed cause.

17.     Plaintiff's allegations for declaratory judgement under the uninsured/underinsured motorist benefits policy for the damages related to the accident, or for damages for breach of contract, insurance code violations under Chapters 541 and 542 of the Texas Insurance Code, common law bad faith, and violations under the Texas Deceptive Trade Practices and Consumer Protection Act are not asserted against or viable against Defendant McEntire. Plaintiff's allegations assert damages for policy proceeds; extra-contractual damages allowed under the Texas Insurance Code including mental anguish and loss of benefits under the policy; treble damages allowed under TEX. INS. CODE § 541; equitable relief allowed under TEX. INS. CODE § 541; statutory damages of 18% per year on the full amount of the award pursuant to TEX. INS. CODE § 542; actual damages allowed under TEX. BUS. & COM. CODE § 17.50; mental anguish allowed under TEX. BUS. & COM. CODE § 17.50; additional damages allowed under TEX. BUS. & COM. CODE § 17.50 for knowing and/or intentional violations; and any and all damages allowed under Texas law for Defendant's breach of the insurance contract are not viable claims against Defendant McEntire.

18.     Defendant McEntire is not subject to or a viable party to any of the contractual or extra-contractual claims severed and a part of Cause No. CV-00715-16-10-A (Exhibit 5). Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied,* 544 U.S. 992, 125 S. Ct. 1825, 161 L. Ed. 2d 755 (2005). If there is no possibility that the Plaintiff would be able to establish any of the severed alleged causes of action against Defendant McEntire in state court, then the joinder is improper.  *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir. 1995); *accord Gasch,* 491 F.3d at 281; *Larroquette v. Cardinal Health*

*200, Inc.,* 466 F.3d 373, 376 (5th Cir. 2006); *Holder v. Abbott Labs., Inc.,* 444 F.3d 383, 387 (5th Cir. 2006); *Guillory v/ PPG Indus.,* 434 F.3d 303 (5th Cir. 2005); *McDonal v. Abbot Labs,* 408 F.3d 177 (5th Cir. 2005); *Melder v. Allstate Corp.,* 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Ill Cent.R.R.Co,* 385 F.3d 568 (5th Cir. 2004); *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). Defendant McEntire had no contract nor contractual relationship with Plaintiff. Defendant McEntire has no duty of good faith and fair dealing to Plaintiff. Defendant McEntire has no responsibility for compliance with the Insurance Code or DTPA with Plaintiff. Therefore, for the purpose of diversity, there is no basis under the alleged facts or under the specific severed causes under which Plaintiff has a possibility of recovery (and no supporting pleadings) and Defendant McEntire is not a properly joined defendant. Plaintiff's inclusion of the personal injury action is the action specifically severed from the contractual and extra-contractual claims does not preserve a claim for removal purposes on the specific severed claim. A removing defendant is not required to obtain consent of other defendants that it claims are improperly joined. *Rico v. Flores*, 481 F.3d 234 (5th Cir. 2007).

## VENUE

19. Without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the United States District Court for the Eastern District of Texas, Lufkin Division, pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 124(c)(6). This action originally was brought in the 159th Judicial District Court of Angelina County, Texas.

## SERVICE OF NOTICE OF REMOVAL

20. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed

with the Clerk of the 159th Judicial District Court of Angelina County, Texas, in the State Court Action.

21. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding Notice of Removal will be filed shortly after these papers are filed and served.

22. In compliance with 28 U.S.C. § 1446(a), and Local Rule CV-81, true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits to the INDEX OF MATTERS BEING FILED, filed concurrently herewith.

<b>PRAYER FOR REMOVAL</b>

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the State Court Action now pending in the 159th Judicial District Court of Angelina County, Texas, be discontinued and that this suit be removed to the United States District Court for the Eastern District of Texas, Lufkin Division, through the filing of this Notice of Removal.

Respectfully submitted,

_____
**CURTIS (CURT) W. FENLEY, III**
**FENLEY & BATE, L.L.P.**
224 E. LUFKIN AVENUE
LUFKIN, TEXAS 75902-0450
TPN:   (936) 634-3346
FAX:   (936) 639-5874
SBN:   06902010
E-mail: cfenley@fenley-bate.com

***ATTORNEY FOR DEFENDANT***,
**METROPOLITAN PROPERTY AND**
**CASUALTY INSURANCE COMPANY**
**D/B/A METLIFE AUTO & HOME**

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record in the above-numbered and styled cause, do hereby certify that on the 6th day of October, 2017, I served a true and correct copy of the foregoing Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME**'s Notice of Removal by sending the same as follows:

| | |
|---|---|
| Mr. Kirk Mathis | ☐ By certified mail |
| CHANDLER, MATHIS & ZIVLEY, P.C. | ☐ By regular mail |
| P.O. Box 340 | ☐ By overnight mail |
| Lufkin, Texas 75902-0340 | ☐ By hand delivery |
| FAX: (936) 632-1304 | ☒ By Facsimile |
| | ☒ By EFILE |

_____
CURTIS (CURT) W. FENLEY, III

**Motion**
**Removal**

**Exhibit 1**

Filed 10/26/2016 3:14:38 PM
Reba Squyres, District Clerk
Angelina County, Texas
By: Alicia Murphy,
Deputy Clerk

CAUSE NO. CV-00715-16-10

| | | |
|---|---|---|
| CLARA UWAMU | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | ANGELINA COUNTY, TEXAS |
| | § | |
| BRANDI McENTIRE | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE, REQUESTS FOR PRODUCTION AND INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Clara Uwamu and files this Original Petition complaining of and against Defendant Brandie McEntire. For good and sufficient cause of action, Plaintiff would respectfully show unto this Honorable Court the following:

### I. DISCOVERY LEVEL

Discovery is intended to be conducted under Level III of the Texas Rules of Civil Procedure.

### II. PARTIES

Plaintiff Clara Uwamu (hereinafter "Plaintiff") is an individual residing in Angelina County, Texas.

Defendant Brandi McEntire (hereinafter "Defendant") is an individual residing in Angelina County, Texas and may be served with process at 1075 Sam Hawkins Road, Huntington, Texas 75949.

### III. JURISDICTION AND VENUE

Jurisdiction is proper in this Court because this lawsuit arises under the laws of the State of Texas and because Plaintiff has suffered damages within the jurisdictional limits of this Court.

1

Venue is proper in Angelina County, Texas, because Defendant is a natural person that resided in Angelina County at the time Plaintiff's causes of action accrued. Tex. Civ. Prac. Rem. Code § 15.002(a)(2).

## IV. FACTUAL BACKGROUND

On July 7, 2015, in Nacogdoches County, Texas, Plaintiff was a passenger in a vehicle owned by Kathy Burr (hereinafter "Ms. Burr"). Ms. Burr was operating her vehicle on North Street in a safe and cautious manner, and was stopped for traffic. At the same time, Defendant was operating a vehicle and failed to, among other things, keep a proper look out and control her speed, which caused a collision with Ms. Burr's vehicle. As a result of Defendant's unlawful conduct, Plaintiff sustained injuries and damages.

## V. NEGLIGENCE

As the basis of this lawsuit, Plaintiff states that the above-described automobile collision and resulting injuries and damages were proximately caused by the negligence, as that term is understood in the law, of Defendant. Defendant owed Plaintiff a duty to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff. Defendant breached her duty to Plaintiff. Each and all of the above and foregoing acts, both of omission and commission, constitute and were negligence on the part of Defendant, and each and all separately and concurrently were a proximate cause of the occurrence in question and the resulting injuries and damages suffered by Plaintiff. Such acts and omissions constitute a failure to exercise that degree of care, which an ordinarily prudent person would have exercised in a same or similar circumstance.

Defendant breached her duty to Plaintiff by:

        a.      failing to make a timely application of the brakes;
        b.      failing to maintain a proper lookout;
        c.      failing to turn her vehicle and avoid the automobile collision;

      d.     taking faulty evasive action;
      e.     failing to control her speed; and/or
      f.     driving her vehicle at an unsafe speed.

## VI. DAMAGES

Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.   As a

direct result of and proximate cause of the occurrence that made the basis of this suit, Plaintiff was

caused to suffer actual damages, including, but not limited, to:

      a.     past and future medical expenses;
      b.     past and future pain and suffering;
      c.     past and future physical impairment;
      d.     past and future disfigurement;
      e.     past and future lost wages;
      f.     past and future mental anguish;
      g.     past and future consequential and incidental damages; and/or
      h.     other foreseeable economic loss in the past and future.

## VII. JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby demands trial

by jury and has tendered the appropriate fee.

## VIII. REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that

Defendant disclose, within fifty (50) days of the service of this Petition and Request, produce the

information or material described in Rule 194.2(a) through (l).

## IX. REQUESTS FOR PRODUCTION

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that

Defendant produce, within fifty (50) days of the service of this Petition and Request, the following

documents:

REQUEST FOR PRODUCTION NO. 1: All written statements, recorded statements, notes of statements, transcripts of statements or video statements made by Plaintiff or any other person(s) that are in any way related to Plaintiff or the automobile collision on July 7, 2015. This request also includes all unedited and uncut versions of any audio or video statements described above.

REQUEST FOR PRODUCTION NO. 2: All photographs, surveillance, videotapes, motion pictures, drawings, maps or sketches or other tangible evidence that you may have in your possession or constructive possession or of which you may be aware which would in any way depict, reflect or relate to Plaintiff or the automobile collision on July 7, 2015. This request also includes all unedited and uncut versions of any final photographs, surveillance, movies or videotapes described above.

REQUEST FOR PRODUCTION NO. 3: Copies of any traffic citation and/or criminal charges you received as a result of the automobile collision on July 7, 2015, and any documents reflecting the cause number, the charge, the date of conviction, the term of confinement, the term of probation, the assessed fine or penalty and the county of the proceeding.

REQUEST FOR PRODUCTION NO. 4: All repair estimates or loss valuation estimates that pertain to any damages to your vehicle from the automobile collision on July 7, 2015.

REQUEST FOR PRODUCTION NO. 5: All reports (or other writings which could be interpreted as an incident, accident, injury or investigation report) made in connection with the automobile collision on July 7, 2015.

REQUEST FOR PRODUCTION NO. 6: Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, including, but not limited to, any liability insurance policy (including primary and secondary coverages), excess coverage, umbrella coverage, or any other type of insurance policy covering you or the vehicle being driven by you at the time of the automobile collision on July 7, 2015.

REQUEST FOR PRODUCTION NO. 7: All emails, letters, diaries, journals, online social network entries or posting prepared by you or at your direction that are in any way related to the automobile collision on July 7, 2015. This request includes all entries from the time of the automobile collision to the present.

REQUEST FOR PRODUCTION NO. 8: All emails, letters, diaries, journals, online social network entries or posting obtained by you or at your direction that are in any way related to the Plaintiff. This request includes all entries from the time of the automobile collision on July 7, 2015.

4

REQUEST FOR PRODUCTION NO. 9: All medical records, diagnosis and/or treatments obtained by you or for you in relation to Plaintiff's injuries.

REQUEST FOR PRODUCTION NO. 10: Billing records for July 2015 for any cellular telephone you were using, or that was available for your use, on the day of the automobile collision.

REQUEST FOR PRODUCTION NO. 11: Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the automobile collision on July 7, 2015 or any damages resulting therefrom.

REQUEST FOR PRODUCTION NO. 12: All documents or other items regarding criminal convictions for any party or witness in this case. This request shall be construed as a request for notice of intent to use any such evidence against any witness or witnesses at trial of this case, pursuant to Rule 609 of the Texas Rules of Evidence.

REQUEST FOR PRODUCTION NO. 13: A photocopy of your driver's license.

REQUEST FOR PRODUCTION NO. 14: A copy of any contract of employment that would govern any relationship with any other party or bear on the issue of scope of employment.

REQUEST FOR PRODUCTION NO. 15: A copy of the title to the vehicle you were driving at the time of the automobile collision on July 7, 2015.

REQUEST FOR PRODUCTION NO. 16: All documents referenced in or relied upon in your responses to Plaintiff's Interrogatories.

## X. INTERROGATORIES

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff requests that

Defendant answer, within fifty (50) days of the service of this Petition and Interrogatories, the

following questions. Defendant must submit answers to the same in writing and under oath

within the time required.

INTERROGATORY NO. 1: For the person(s) answering and/or assisting in answering these interrogatories, state your full name, any names by which you have ever been known, address, occupation and present employment, or if retired state your last place of employment.

INTERROGATORY NO. 2:   State where you had been just prior to the July 7, 2015 automobile collision, where you were going at the time of the collision and the purpose of the trip.

INTERROGATORY NO. 3:   Describe how the July 7, 2015 automobile collision occurred.

INTERROGATORY NO. 4:   State the speed of your vehicle at all times material to the July 7, 2015 automobile collision, including specifically your speed at the time of impact and if you applied your brakes prior to the time of impact.

INTERROGATORY NO. 5:   Describe all alcohol, medications and/or drugs consumed or ingested by you for the twenty-four (24) hours prior to the July 7, 2015 automobile collision.

INTERROGATORY NO. 6:   Describe all injuries to your body as a result of the July 7, 2015 automobile collision.

INTERROGATORY NO. 7:   Describe all injuries to your body as a result of the July 7, 2015 automobile collision.

INTERROGATORY NO. 8:   Describe every act, omission or conduct by the Plaintiff that you contend places any degree of fault or responsibility for the July 7, 2015 automobile collision on the Plaintiff.

INTERROGATORY NO. 9:   Describe every act or omission by another person or entity that you contend places any degree of fault or responsibility for the automobile collision on July 7, 2015 on another person or entity.

INTERROGATORY NO. 10:   If you contend any object, any defect in the roadway, any tangible item or any defect in equipment caused or contributed to cause the July 7, 2015 automobile collision, please state the factual basis of that contention.

INTERROGATORY NO. 11:   If you contend that the Plaintiff suffered from a pre-existing medical condition or that Plaintiff's injuries were not sustained in the automobile collision on July 7, 2015, please state all facts upon which you rely to support your contention.   Include in your answer where and from whom you obtained the information to make this contention.

INTERROGATORY NO. 12:   Describe in detail any conversations you have had with the Plaintiff or Plaintiff's representative following the automobile collision on July 7, 2015.

INTERROGATORY NO. 13:   State whether or not you were acting within the course and scope of any agency, employment or service at the time of the automobile collision on July 7, 2015.   If yes, describe the type of agency, employment or service involved.

6

INTERROGATORY NO. 14:   State whether you were the owner of the vehicle involved in the automobile collision on July 7, 2015.   If you were not the owner, then state the name of the person or entity who was the owner of the vehicle, including the current address and phone number for the person or entity.

INTERROGATORY NO. 15:   State in detail your full educational background, including names and addresses of all schools attended, the inclusive dates of attendance, all degrees obtained and all licenses or certifications obtained.

INTERROGATORY NO. 16:   State in detail your marital history, including the full names and current addresses of all spouses and list the full names, ages and current addresses of your children, if any.

INTERROGATORY NO. 17:   Identify every civil lawsuit that you have been involved in as a plaintiff or defendant in the last ten (10) years.   Include subject of the dispute/lawsuit, style of the lawsuit, cause number, court and final disposition.

INTERROGATORY NO. 18:   Identify every automobile collision you have been involved in as the driver in the last ten (10) years.   For each automobile collision, list the date and location of the automobile collision and the identity of the investigating law enforcement agency, if any.

INTERROGATORY NO. 19:   Identify every traffic citation you have received in the last ten (10) years.   For each traffic citation, list the offense you were alleged to have committed, the date and location of the traffic offense, the identity of the investigating law enforcement agency and the cause number.

INTERROGATORY NO. 20:   Have you ever been arrested, charged, convicted, placed on deferred adjudicated probation, received a pre-trial diversion or received a deferred disposition for any crime other than a moving traffic violation, or are there any such charges pending against you at the present time?   For each crime, identify the cause number, the criminal charge, the date of conviction, the term of confinement, the term of probation, the assessed fine or penalty and the county of the criminal proceeding.

INTERROGATORY NO. 21:   If you placed or received a call, or sent or received an email, text, or multimedia message using a cellular phone or other electronic device during the twenty (20) minutes preceding or following the automobile collision on July 7, 2015, identify the name of the person whom you spoke or otherwise communicated with, the manner in which you communicated with that person (i.e. by telephone call, text message, or email), the exact time the communication took place, the nature of your conversation or communication and whether you were using your cellular phone to talk or communicate with that person at the time of the occurrence in question.   Also, please identify your service provider and the phone number of the device you were using.

7

INTERROGATORY NO. 22: Has any individual acting at the request of, or on behalf of, Defendant contacted Plaintiff's medical providers, in writing or over the phone, since the automobile collision on July 7, 2015? If yes, state the name, address and phone number of the individual, who they contacted and when the contact took place.

INTERROGATORY NO. 23: Please state the name, address, and telephone number of any person who is expected to be called to testify at trial and any rebuttal and/or impeachment witnesses whose testimony can be reasonably anticipated before trial.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendant in actual damages together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

CHANDLER, MATHIS & ZIVLEY, P.C.
P.O. Box 340
Lufkin, Texas 75902-0340
Phone: (936) 632-7778
Fax: (936) 632-1304

By:/s/ Stephen R. Walker
Kirk Mathis
Texas Bar No. 24006078
kmathis@cmzlaw.com
Stephen R. Walker
Texas Bar No. 24034729
swalker@cmzlaw.com

ATTORNEYS FOR PLAINTIFF

8

**Motion Removal**

**Exhibit 2**

Filed 4/4/2017 9:03:41 AM
Reba Squyres, District Clerk
Angelina County, Texas
By: Aleck Bridwell,
Deputy Clerk

CAUSE NO. CV-00715-16-10

| | | |
|---|---|---|
| CLARA UWAMU | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | OF |
| BRANDI McENTIREAND | § | |
| METROPOLITAN PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY d/b/a | § | |
| METLIFE AUTO & HOME | § | ANGELINA COUNTY, TEXAS |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE, REQUESTS FOR PRODUCTION AND INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Clara Uwamu and files this First Amended Original Petition complaining of and against Defendant Brandie McEntire and Defendant Metropolitan Property and Casualty Insurance Company dba Metlife Auto & Home. For good and sufficient cause of action, Plaintiff would respectfully show unto this Honorable Court the following:

### I. DISCOVERY LEVEL

Discovery is intended to be conducted under Level III of the Texas Rules of Civil Procedure.

### II. PARTIES

Plaintiff Clara Uwamu (hereinafter "Plaintiff") is an individual residing in Angelina County, Texas.

Defendant Brandi McEntire (hereinafter "Defendant McEntire") is an individual residing in Angelina County, Texas and may be served with process at 1075 Sam Hawkins Road, Huntington, Texas 75949.

Defendant Metropolitan Property and Casualty Insurance Company d/b/a Metlife Auto &

1

May/03/2017 8:14:35 AM        MetLife 972        2/14
(Page 2 of 14) Case 9:17-cv-00177-RC   Document 1   Filed 10/06/17   Page 20 of 98 PageID #: 20
APR/21/2017/FRI 12:36 PM   CMZLaw        FAX No. 936 632 1304        P. 003/015

Home (hereinafter "Defendant Metropolitan") may be served with process by serving their registered agent, CT Corporation System, at 1999 Bryan St, Suite 900, Dallas, Texas 75201-3136.

### III. JURISDICTION AND VENUE

Jurisdiction is proper in this Court because this lawsuit arises under the laws of the State of Texas and because Plaintiff has suffered damages within the jurisdictional limits of this Court.

Venue is proper in Angelina County, Texas, because Defendant is a natural person that resided in Angelina County at the time Plaintiff's causes of action accrued. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2). Venue is proper in Angelina County as to all other Defendants because Plaintiff's claims against all Defendants arise from the same occurrence. TEX. CIV. PRAC. & REM. CODE § 15.005.

### IV. FACTUAL BACKGROUND

Auto Accident Facts – On July 7, 2015, in Nacogdoches County, Texas, Plaintiff was a passenger in a vehicle owned by Kathy Burr (hereinafter "Ms. Burr"). Ms. Burr was operating her vehicle on North Street in a safe and cautious manner and was stopped for traffic. At the same time, Defendant McEntire was operating a vehicle and failed to, among other things, keep a proper look out and control her speed, which caused a wreck with Ms. Burr's vehicle. As a result of Defendant McEntire's negligent conduct, Plaintiff sustained injuries and damages.

Insurance Facts - On July 7, 2015, Ms. Burr had an automobile liability policy with Defendant Metropolitan. By virtue of being a passenger in Burr's vehicle, Uwamu is an insured under the Metropolitan policy. Under the terms of the insurance policy, Defendant Metropolitan agreed to provide $30,000.00 of uninsured/underinsured motorist benefits (hereinafter "UM policy") in exchange for the timely payment of insurance premiums. On said

2

date, in Nacogdoches County, Texas, Uwamu sustained severe bodily injuries as a result of a wreck with Defendant McEntire. Defendant McEntire was negligent in causing the wreck but did not have insurance to cover Plaintiff's bodily injury claim.

Defendant McEntire is an uninsured motorist as defined in the UM policy. Plaintiff timely and properly made a claim to Defendant Metropolitan for benefits under the UM policy (hereinafter "Plaintiff's UM claim"). Defendant Metropolitan breached the insurance contract with Ms. Uwamu by failing to investigate Plaintiff's UM claim and failing to promptly pay reasonable benefits under the UM policy.

## V. NEGLIGENCE OF MCENTIRE

As the basis of this lawsuit, Plaintiff states that the above-described wreck and resulting injuries and damages were proximately caused by the negligence, as that term is understood in the law, of Defendant McEntire. Defendant McEntire owed Plaintiff a duty to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff. Defendant McEntire breached her duty to Plaintiff. Each and all of the above and foregoing acts, both of omission and commission, constitute and were negligence on the part of Defendant McEntire, and each and all separately and concurrently were a proximate cause of the occurrence in question and the resulting injuries and damages suffered by Plaintiff. Such acts and omissions constitute a failure to exercise that degree of care, which an ordinarily prudent person would have exercised in a same or similar circumstance.

Defendant McEntire breached her duty to Plaintiff by:

    a.    failing to make a timely application of the brakes;
    b.    failing to maintain a proper lookout;
    c.    failing to turn her vehicle and avoid the wreck;
    d.    taking faulty evasive action;
    e.    failing to control her speed; and/or
    f.    driving her vehicle at an unsafe speed.

3

## VI. DAMAGES AGAINST MCENTIRE

As a direct result of and proximate cause of the occurrence that made the basis of this suit, Plaintiff was caused to suffer actual damages, including, but not limited, to:

        a.    past and future medical expenses;
        b.    past and future pain and suffering;
        c.    past and future physical impairment;
        d.    past and future lost wages;
        e.    past and future mental anguish; and
        f.    past and future loss of household services.

Plaintiff seeks to recover any and all damages she may be entitled to under Texas law, both in the past and the future. Plaintiff seeks prejudgment and post-judgment interest in accordance with, and at the maximum rate allowed under, law as well as costs of court.

## VII. DECLARATORY JUDGMENT AGAINST DEFENDANT METROPOLITAN

Pursuant to TEX. CIV. PRAC. & REM. CODE § 37 et. seq., Plaintiff asks the Court to affirmatively declare the rights, status and other legal relationship between Plaintiff and Defendant Metropolitan arising under Ms. Burr's UM policy. In addition, Plaintiff requests that the Court find Defendant McEntire was negligent in causing the underlying wreck on July 7, 2015, and determine the amount of damages caused by Defendant McEntire, including, but not limited to, past and future damages for medical expenses, pain and suffering, physical impairment, disfigurement, lost wages, loss of earning capacity, mental anguish, and all such other and further relief that Plaintiff may be entitled to as a result of the wreck. Plaintiff also seeks an award of all costs and reasonable and necessary attorneys' fees as are equitable and just pursuant to TEX. CIV. PRAC. & REM. CODE § 37.009, and any and all further relief to which Plaintiff may show herself justly entitled.

## VIII. BREACH OF CONTRACT BY DEFENDANT METROPOLITAN

4

Defendant Metropolitan is liable to Plaintiff for breach of contract. Ms. Burr had a valid, enforceable insurance contract with Defendant Metropolitan that, at all relevant times, was in full force and effect. Plaintiff was a known third party beneficiary to the insurance contract Ms. Burr had with Defendant Metropolitan, wherein Defendant Metropolitan was required to provide insurance coverage to and for the benefit of Plaintiff, including, but not limited to, UM coverage. Defendant Metropolitan breached the insurance contract by failing to investigate Plaintiff's UM claim and failing to promptly pay reasonable benefits under Ms. Burr's UM policy. All conditions precedent have occurred.

## IX.   INSURANCE CODE VIOLATIONS

Defendant is guilty of violations of the Texas Insurance Code. Defendant violated Chapters 541 and 542 with respect to Plaintiff's claim for uninsured motorist benefits.

Defendant violated Chapter 541 by engaging in unfair settlement practices. Defendant misrepresented material facts; misrepresented material facts regarding the coverage; failed to attempt to bring about a prompt, fair, and equitable settlement of this claim when liability was reasonably clear; failed to promptly provide a reasonable explanation for the denial of the claim or the offer of a compromise settlement; and in refusing to pay without conducting a reasonable investigation.

Defendant violated Chapter 542 by failing to timely acknowledge, investigate, or request information regarding the claim; failing to accept or reject the claim or request an extension of time to accept or reject; and failing to timely pay the claim. Defendant received proper notice of the claim and is liable for the claim.

## X.   COMMON LAW BAD FAITH

As a result of its actions, Defendant is guilty of violations of the common law duty of

5

good faith and fair dealing by unreasonably delaying payment of the claim after liability had become reasonably clear, by failing to attempt in good faith to settle the claim after liability had become reasonably clear, by refusing to offer Mrs. Uwamu anything under the UM coverage when it was reasonably clear that she was entitled to such benefits, by attempting to force Mrs. Uwamu to compromise her claim for less than it was reasonably worth by unreasonably denying or delaying the claim; by forcing Mrs. Uwamu into unwanted litigation rather than paying benefits under her UIM coverage; and by forcing Mrs. Uwamu to hire a lawyer and file a lawsuit.

## XI.
## DTPA

Defendant is also guilty of violations of the Texas Deceptive Trade Practices and Consumer Protection Act and the Texas Insurance Code because it represented its insurance policy and insurance services had certain characteristics and qualities when in fact it did not, failed to properly investigate the claim made by Mrs. Uwamu and failed to promptly and properly pay her claim.  Mrs. Uwamu was a "consumer" of the Defendant's services for purposes of the Texas DTPA.

## XII. DAMAGES AGAINST DEFENDANT METROPOLITAN

Defendant's actions were a proximate and/or producing cause of damages to Plaintiff far in excess of the minimum jurisdictional limits of this Court, and Plaintiff hereby gives notice that she seeks recovery for all elements of damage legally cognizable under Texas law under these facts to which she may show herself justly entitled including, but not limited to: policy proceeds; extra-contractual damages allowed under the Texas Insurance Code including mental anguish and loss of benefits under the policy; treble damages allowed under TEX. INS. CODE § 541; equitable relief allowed under TEX. INS. CODE § 541; statutory damages of 18% per year on the

6

full amount of the award pursuant to TEX. INS. CODE § 542; actual damages allowed under TEX. BUS. & COM. CODE § 17.50; mental anguish allowed under TEX. BUS. & COM. CODE § 17.50; additional damages allowed under TEX. BUS. & COM. CODE § 17.50 for knowing and/or intentional violations; and any and all damages allowed under Texas law for Defendant's breach of the insurance contract.

Plaintiff hereby seeks exemplary or punitive damages for Defendant's acts of bad faith and on any other basis allowed under Texas law. Plaintiff seeks an award which will punish Defendant for its wrongful conduct and deter Defendant, and other similarly situated, from engaging in the same or similar practices in the future.

## XIII. ATTORNEY'S FEES AGAINST METROPOLITAN

Defendant Metropolitan has forced Plaintiff to retain the undersigned attorneys to seek justice in this matter. Accordingly, Plaintiff is entitled to recover her attorney's fees under Texas law, including, but not limited to TEX. CIV. PRAC. & REM. CODE §37.009 and TEX. CIV. PRAC. & REM. CODE § 38.001.

## XIV. JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby demands trial by jury and has tendered the appropriate fee.

## XV. REQUESTS FOR DISCLOSURE TO DEFENDANTS

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that both Defendants, McEntire and Metropolitan, individually disclose, within fifty (50) days of the service of this Petition and Request, the information or material described in Rule 194.2(a) through (l).

## XVI. REQUESTS FOR PRODUCTION TO DEFENDANT MCENTIRE

7

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that

Defendant McEntire individually produce, within fifty (50) days of the service of this Petition

and Request, the following documents:

REQUEST FOR PRODUCTION NO. 1: All written statements, recorded statements, notes of statements, transcripts of statements or video statements made by Plaintiff or any other person(s) that are in any way related to Plaintiff or the wreck on July 7, 2015. This request also includes all unedited and uncut versions of any audio or video statements described above.

REQUEST FOR PRODUCTION NO. 2: All photographs, surveillance, videotapes, motion pictures, drawings, maps or sketches or other tangible evidence that you may have in your possession or constructive possession or of which you may be aware which would in any way depict, reflect or relate to Plaintiff or the wreck on July 7, 2015. This request also includes all unedited and uncut versions of any final photographs, surveillance, movies or videotapes described above.

REQUEST FOR PRODUCTION NO. 3: Copies of any traffic citation and/or criminal charges you received as a result of the wreck on July 7, 2015, and any documents reflecting the cause number, the charge, the date of conviction, the term of confinement, the term of probation, the assessed fine or penalty and the county of the proceeding.

REQUEST FOR PRODUCTION NO. 4: All repair estimates or loss valuation estimates that pertain to any damages to your vehicle from the wreck on July 7, 2015.

REQUEST FOR PRODUCTION NO. 5: All reports (or other writings which could be interpreted as an incident, accident, injury or investigation report) made in connection with the wreck on July 7, 2015.

REQUEST FOR PRODUCTION NO. 6: Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, including, but not limited to, any liability insurance policy (including primary and secondary coverages), excess coverage, umbrella coverage, or any other type of insurance policy covering you or the vehicle being driven by you at the time of the wreck on July 7, 2015.

REQUEST FOR PRODUCTION NO. 7: All emails, letters, diaries, journals, online social network entries or posting prepared by you or at your direction that are in any way related to the wreck on July 7, 2015. This request includes all entries from the time of the wreck to the present.

REQUEST FOR PRODUCTION NO. 8: All emails, letters, diaries, journals, online social network entries or posting obtained by you or at your direction that are in any way

related to the Plaintiff. This request includes all entries from the time of the wreck on July 7, 2015.

REQUEST FOR PRODUCTION NO. 9: All medical records, diagnosis and/or treatments obtained by you or for you in relation to Plaintiff's injuries.

REQUEST FOR PRODUCTION NO. 10: Billing records for July 2015 for any cellular telephone you were using, or that was available for your use, on the day of the wreck.

REQUEST FOR PRODUCTION NO. 11: Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the wreck on July 7, 2015 or any damages resulting therefrom.

REQUEST FOR PRODUCTION NO. 12: All documents or other items regarding criminal convictions for any party or witness in this case. This request shall be construed as a request for notice of intent to use any such evidence against any witness or witnesses at trial of this case, pursuant to Rule 609 of the Texas Rules of Evidence.

REQUEST FOR PRODUCTION NO. 13: A photocopy of your driver's license.

REQUEST FOR PRODUCTION NO. 14: A copy of any contract of employment that would govern any relationship with any other party or bear on the issue of scope of employment.

REQUEST FOR PRODUCTION NO. 15: A copy of the title to the vehicle you were driving at the time of the wreck on July 7, 2015.

REQUEST FOR PRODUCTION NO. 16: All documents referenced in or relied upon in your answers to Plaintiff's Interrogatories.

## XVII. INTERROGATORIES TO DEFENDANT MCENTIRE

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff requests that

Defendant McEntire individually answer, within fifty (50) days of the service of this Petition and

Interrogatories, the following questions. Defendant McEntire must submit answers to the same

in writing and under oath within the time required.

INTERROGATORY NO. 1: For the person(s) answering and/or assisting in answering these interrogatories, state your full name, any names by which you have ever been known, address, occupation and present employment, or if retired state your last place of employment.

INTERROGATORY NO. 2: State where you had been just prior to the July 7, 2015 wreck, where you were going at the time of the wreck and the purpose of the trip.

INTERROGATORY NO. 3: Describe how the July 7, 2015 wreck occurred.

INTERROGATORY NO. 4: State the speed of your vehicle at all times material to the July 7, 2015 wreck, including specifically your speed at the time of impact and if you applied your brakes prior to the time of impact.

INTERROGATORY NO. 5: Describe all alcohol, medications and/or drugs consumed or ingested by you for the twenty-four (24) hours prior to the July 7, 2015 wreck.

INTERROGATORY NO. 6: Describe all injuries to your body as a result of the July 7, 2015 wreck.

INTERROGATORY NO. 7: Describe all injuries to your vehicle as a result of the July 7, 2015 wreck.

INTERROGATORY NO. 8: Describe every act, omission or conduct by the Plaintiff that you contend places any degree of fault or responsibility for the July 7, 2015 wreck on the Plaintiff.

INTERROGATORY NO. 9: Describe every act or omission by another person or entity that you contend places any degree of fault or responsibility for the wreck on July 7, 2015 on another person or entity.

INTERROGATORY NO. 10: If you contend any object, any defect in the roadway, any tangible item or any defect in equipment caused or contributed to cause the July 7, 2015 wreck, please state the factual basis of that contention.
INTERROGATORY NO. 11: If you contend that the Plaintiff suffered from a pre-existing medical condition or that Plaintiff's injuries were not sustained in the wreck on July 7, 2015, please state all facts upon which you rely to support your contention. Include in your answer where and from whom you obtained the information to make this contention.

INTERROGATORY NO. 12: Describe in detail any conversations you have had with the Plaintiff or Plaintiff's representative following the wreck on July 7, 2015.

INTERROGATORY NO. 13: State whether or not you were acting within the course and scope of any agency, employment or service at the time of the wreck on July 7, 2015. If yes, describe the type of agency, employment or service involved.

INTERROGATORY NO. 14: State whether you were the owner of the vehicle involved in the wreck on July 7, 2015. If you were not the owner, then state the name of the person or entity who was the owner of the vehicle, including the current address and phone

number for the person or entity.

INTERROGATORY NO. 15: State in detail your full educational background, including names and addresses of all schools attended, the inclusive dates of attendance, all degrees obtained and all licenses or certifications obtained.

INTERROGATORY NO. 16: State in detail your marital history, including the full names and current addresses of all spouses and list the full names, ages and current addresses of your children, if any.

INTERROGATORY NO. 17: Identify every civil lawsuit that you have been involved in as a plaintiff or defendant in the last ten (10) years. Include subject of the dispute/lawsuit, style of the lawsuit, cause number, court and final disposition.

INTERROGATORY NO. 18: Identify every wreck you have been involved in as the driver in the last ten (10) years. For each wreck, list the date and location of the wreck and the identity of the investigating law enforcement agency, if any.

INTERROGATORY NO. 19: Identify every traffic citation you have received in the last ten (10) years. For each traffic citation, list the offense you were alleged to have committed, the date and location of the traffic offense, the identity of the investigating law enforcement agency and the cause number.

INTERROGATORY NO. 20: Have you ever been arrested, charged, convicted, placed on deferred adjudicated probation, received a pre-trial diversion or received a deferred disposition for any crime other than a moving traffic violation, or are there any such charges pending against you at the present time? For each crime, identify the cause number, the criminal charge, the date of conviction, the term of confinement, the term of probation, the assessed fine or penalty and the county of the criminal proceeding.

INTERROGATORY NO. 21: If you placed or received a call, or sent or received an email, text, or multimedia message using a cellular phone or other electronic device during the twenty (20) minutes preceding or following the wreck on July 7, 2015, identify the name of the person whom you spoke or otherwise communicated with, the manner in which you communicated with that person (i.e. by telephone call, text message, or email), the exact time the communication took place, the nature of your conversation or communication and whether you were using your cellular phone to talk or communicate with that person at the time of the occurrence in question. Also, please identify your service provider and the phone number of the device you were using.

INTERROGATORY NO. 22: Has any individual acting at the request of, or on behalf of, Defendant contacted Plaintiff's medical providers, in writing or over the phone, since the wreck on July 7, 2015? If yes, state the name, address and phone number of the individual, who they contacted and when the contact took place.

INTERROGATORY NO. 23: Please state the name, address, and telephone number of

11

any person who is expected to be called to testify at trial and any rebuttal and/or impeachment witnesses whose testimony can be reasonably anticipated before trial.

## XVIII. REQUESTS FOR PRODUCTION TO DEFENDANT METROPOLITAN

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant

Metropolitan individually produce, within fifty (50) days of the service of this Petition and

Request, the following documents:

REQUEST FOR PRODUCTION NO. 1: All written statements, recorded statements, notes of statements, transcripts of statements or video statements made by Plaintiff or any other person(s) that are in any way related to Plaintiff or the wreck on July 7, 2015 or Plaintiff's UM claim. This request also includes all unedited and uncut versions of any audio or video statements described above.

REQUEST FOR PRODUCTION NO. 2: All photographs, surveillance, videotapes, motion pictures, drawings, maps or sketches or other tangible evidence that you may have in your possession or constructive possession or of which you may be aware which would in any way depict, reflect or relate to Plaintiff or the wreck on July 7, 2015 or Plaintiff's UM claim. This request also includes all unedited and uncut versions of any final photographs, surveillance, movies or videotapes described above.

REQUEST FOR PRODUCTION NO. 3: All insurance policies between Ms. Burr and Defendant Metropolitan that were in effect on July 7, 2015 as well as any coverage denial letters or reservation of rights letters regarding Ms. Burr.

REQUEST FOR PRODUCTION NO. 4: Defendant Metropolitan's file on Plaintiff's UM claim, including all documents related to processing, adjusting, investigating, evaluating and/or denying the claim.

REQUEST FOR PRODUCTION NO. 5: Defendant Metropolitan's policy, practice, procedure, manuals, guidelines or any other document used to instruct individuals on processing, adjusting, investigating, evaluating, accepting and/or denying uninsured/underinsured motorist insurance claims for Defendant Metropolitan, including third party administrators.

REQUEST FOR PRODUCTION NO. 6: All documents to or from any reinsurance carrier, excess carrier, insurance agent, adjuster or third party administrator relating directly or indirectly to Plaintiff's UM claim.

REQUEST FOR PRODUCTION NO. 7: All documents referenced in or relied upon in your answers to Plaintiff's Interrogatories.

## XIX. INTERROGATORIES TO DEFENDANT METROPOLITAN

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant

Metropolitan individually answer, within fifty (50) days of the service of this Petition and

Interrogatories, the following questions. Defendant Metropolitan must submit answers to the

same in writing and under oath within the time required.

INTERROGATORY NO. 1: For the person(s) answering and/or assisting in answering
these interrogatories, state your full name, any names by which you have ever been known,
address, occupation and present employer or if retired, state your last place of employment.

INTERROGATORY NO. 2: State whether there was an insurance policy between
Defendant Metropolitan and Plaintiff that provided for uninsured/underinsured motorist
benefits on July 7, 2015.

INTERROGATORY NO. 3:     State the name, address and phone number of all
individuals that worked on or investigated Plaintiff's UM claim.

INTERROGATORY NO. 4:   State why you denied Plaintiff's UM claim.

INTERROGATORY NO. 5: Describe every act or omission by the Plaintiff that you
contend places any degree of fault or responsibility for the wreck on July 7, 2015 on
Plaintiff.

INTERROGATORY NO. 6:   Describe every act or omission by another person or entity
that you contend places any degree of fault or responsibility for the wreck on July 7, 2015
on another person or entity.

INTERROGATORY NO. 7:   If you contend that the Plaintiff suffered from a
pre-existing medical condition prior to the wreck on July 7, 2015, please state all facts
upon which you rely to support your contention. Include in your answer where and
from whom you obtained the information to make this contention.

INTERROGATORY NO. 8:   If you contend that some or all of Plaintiff's injuries were
not sustained in the wreck on July 7, 2015, please state all facts upon which you rely
upon to support your contention. Include in your answer where and from whom you
obtained the information to make this contention.

INTERROGATORY NO. 9: If you contend that some or all of Plaintiff's medical
expenses are not related to the wreck on July 7, 2015, please state all facts upon which
you rely upon to support your contention. Include in your answer where and from
whom you obtained the information to make this contention.

INTERROGATORY NO. 10:  Has any individual acting at the request of, or on behalf
of, Defendant Metropolitan contacted Plaintiff's medical providers, in writing or over the

phone, since the wreck on July 7, 2015? If yes, state the name, address and phone number of the individual, who they contacted and when the contact took place.

## XX. NOTICE OF TEXAS RULE OF CIVIL PROCEDURE 193.7

Pursuant to Texas Rule of Civil Procedure 193.7, the undersigned hereby notifies all counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## XXI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendants in actual damages together with pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

CHANDLER, MATHIS & ZIVLEY, P.C.
P.O. Box 340
Lufkin, Texas 75902-0340
Phone: (936) 632-7778
Fax: (936) 632-1304

By:/s/ Kirk Mathis
Kirk Mathis
Texas Bar No. 24006078
kmathis@cmzlaw.com
Stephen R. Walker
Texas Bar No. 24034729
swalker@cmzlaw.com

ATTORNEYS FOR PLAINTIFF

14

**CAUSE NO. CV-00715-16-10**

| | | |
|---|---|---|
| **CLARA UWAMU** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **OF** |
| | § | |
| **BRANDI MCENTIRE; METROPOLITAN** | § | |
| **PROPERTY AND CASUALTY** | § | |
| **INSURANCE COMPANY d/b/a** | § | |
| **METLIFE AUTO & HOME** | § | |
| | § | |
| **Defendants** | § | **ANGELINA COUNTY, TEXAS** |



Motion
Removal

**Exhibit 3**

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a METLIFE AUTO & HOME,** Defendant in the above-entitled and numbered cause, and files this its Original Answer to the Plaintiff's First Amended Petition, and in support thereof would respectfully show the Court as follows:

## I.
## SPECIAL EXCEPTIONS

1.      Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** specially excepts to Plaintiff's First Amended Petition wherein it alleges a claim or cause of action against Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** for the reason that the pleading is vague, overly broad and ambiguous. Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** is not aware of a contract of insurance with plaintiff at the time of the incident in question. Defendant request the court to enter an order sustaining this special exception, requiring Plaintiff to replead within a reasonable time in accordance with the court's ruling, setting out facts sufficient to give notice to Defendant of the

contract upon which the action is based in order to prepare a defense or that the pleadings be stricken.

2.      Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** specially excepts to Plaintiff's First Amended Petition paragraphs numbers I, XV, XVI, XVII, XVIII, XIX, XX, and any other part or portion of Plaintiff's First Amended Petition in which Plaintiff seeks to engage in discovery of any kind as Plaintiff's First Amended Petition fails to comply with TRCP 47(c-d).  Although no order is required to prevent Plaintiff from engaging in any further discovery, Defendant requests the Court to enter an order sustaining this special exception, requiring Plaintiff to replead within a reasonable time in conformity with the Court's ruling, and setting out the specific and maximum amount of damages asserted for each Plaintiff in accordance with Rules 47 and 56 of the Texas Rules of Civil Procedure, or that said pleadings be stricken.

3.      Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** specially excepts to paragraphs numbers VI, XII, XIII, XXI and the Prayer of Plaintiff's First Amended Petition for the reason that the pleading is vague, overly broad and ambiguous and fails to apprise Defendant of the specific and maximum amount of damages asserted for each Plaintiff in accordance with Rules 47 and 56 of the Texas Rules of Civil Procedure. Defendant requests the Court to enter an order sustaining this special exception, requiring Plaintiff to replead within a reasonable time in conformity with the Court's ruling, and setting out the specific and maximum amount of damages asserted for each Plaintiff in accordance with Rules 47 and 56 of the Texas Rules of Civil Procedure, or that said pleadings be stricken.

4.      Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME**, specially excepts to paragraph VII of

Plaintiff's First Amended Petition because a declaratory judgment is not available when there is no justiciable conflict. There is no justiciable conflict in this case. *See* Section VI below. Defendant requests the Court to enter an order sustaining this special exception, requiring Plaintiff to replead within a reasonable time in conformity with the Court's ruling or that such pleadings be stricken in their entirety.

5.      Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME**, specially excepts to paragraph VII of Plaintiff's First Amended Petition because a declaratory judgment is not available to resolve issues that are not yet mature and are subject to change. The issues in this case are not yet mature and are subject to change. *See* Section VI below. Defendant requests the Court to enter an order sustaining this special exception, requiring Plaintiff to replead within a reasonable time in conformity with the Court's ruling or that such pleadings be stricken in their entirety.

## II.
## GENERAL DENIAL

6.      Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** denies generally, each and every, all and singular, the allegations in Plaintiff's First Amended Petition and demands strict proof thereof by a preponderance of the evidence, in accordance with Rule 92 of the Texas Rules of Civil Procedure.

## III.
## SPECIAL DENIAL

7.      Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** specially denies the allegations of Plaintiff's First Amended Petition to the effect that Plaintiff has complied with all conditions precedent to bringing the suit against the Defendant on a contract of insurance and specifically alleges that

3

Plaintiff has not established that she is has been involved with an uninsured or underinsured motorist as those terms are defined in the policy of insurance in question.

8.      Defendant is an automobile-insurance company that is being sued by its insured under the provisions of an insurance policy that provides protection against uninsured motorists. In Plaintiff's First Amended Petition, Plaintiff alleged that Plaintiff complied with all the terms of the policy as a condition precedent to bringing the suit. Defendant denies that Plaintiff complied with the following terms of the policy, which are conditions precedent to bringing this suit:

> a.   "UNINSURED MOTORISTS COVERAGE: …We will pay damages for bodily injury… caused by an accident, arising out of the ownership, maintenance, or use of an uninsured motor vehicle, which [the insured persons…] **are legally entitled to collect** from the owner or driver of an uninsured motor vehicle.**"** (emphasis added).

> b.   "UNDERINSURED MOTORISTS COVERAGE: …We will pay damages for bodily injury… caused by an accident, arising out of the ownership, maintenance, or use of an underinsured motor vehicle, which [the insured persons…] **are legally entitled to collect** from the owner or driver of an underinsured motor vehicle." (emphasis added).

9.      Similar to the above, Defendant denies Plaintiff's allegation that Plaintiff gave notice and proof of Plaintiff's claim. Specifically, Plaintiff has not provided proof that a judgment has been obtained against Defendant, **BRANDI MCENTIRE,** establishing liability, damages, and the existence and extent of **BRANDI MCENTIRE**'s underinsured or uninsured status.

10.     Similarly, Defendant denies that Plaintiff gave Defendant proper notice of suit as required by the DTPA.

11.     Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** further specially denies that it is liable in the capacity sued. Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** would show that it believes the correct party is "**METROPLOITAN LLOYDS INSURANCE COMPANY OF TEXAS**."

4

## III.
## AFFIRMATIVE DEFENSES

12.    Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** would show by way of affirmative defense, if such be necessary, that **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME**'s performance under any insurance contract which may provide underinsured or uninsured motorist ("UIM") coverage is not due until the claimant establishes that she is legally entitled to collect damages from the owner or driver of an uninsured or underinsured motor vehicle. Therefore, Plaintiff's claims against Defendant are prematurely asserted and are not yet ripe as no breach has occurred or could have yet occurred.

13.    Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME**, would show by way of affirmative defense, if such be necessary, that some, part, or all of Plaintiff's alleged conditions or injuries are the result of pre-existing or unrelated conditions not proximately caused by any act or conduct of Defendants.

14.    Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** would show by way of affirmative defense, if such be necessary, that, in addition to any other limitation under law, recovery of medical or health care expenses, if any, is limited to the amount actually paid by or on behalf of the claimant pursuant to Texas Civil Practice and Remedies Code §41.0105.

## IV.
## LIMITATIONS ON DAMAGES

15.    Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** would show by way of affirmative defense, if such be necessary, that, in addition to any other limitation under law, recovery of medical or

5

health care expenses, if any, is limited to the amount actually paid by or on behalf of the claimant pursuant to Texas Civil Practice and Remedies Code §41.0105.

16.     Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** alleges that Plaintiff's recovery of prejudgment interest, if any, shall be limited as required under Chapter 304 of the Texas Finance Code.  Prejudgment interest should be calculated on the shortest length of time permitted by law. Tex. Fin. Code §304.104.  Prejudgment interest shall not be calculated on future damages.  Tex. Fin. Code §304.1045.  The accrual period on prejudgment interest may be reduced when settlement offers have been made.  Tex. Fin. Code §304.105.16.

17.     Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** denies that Plaintiff is entitled to a recovery of exemplary damages and Defendant denies any and all liability to Plaintiff for any damages, including but not limited to exemplary damages. Nevertheless, Defendant invokes and relies upon all protections and defenses available to it under Chapter 41 of the Texas Civil Practice & Remedies Code, Sections 41.001 through 41.013 inclusive, without limitation, including the standards for recovery of exemplary damages contained in Section 41.003, Tex. Civ. Prac. & Rem. Code and the limitations on the amount of recovery of exemplary damages contained in Section 41.008, Tex. Civ. Prac. & Rem. Code.

18.     For further answer, if such be necessary, Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** would show the award of punitive or exemplary damages is unconstitutional. Such pleading and recovery, if any, violates constitutional rights provided for in Articles I, VI, Section 19 of the Texas Constitution and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. The award of those damages is also impermissible under the public policy and

6

common law of the state of Texas. In support of this allegation, Defendant specifically avers without limitation:

a. The retrospective imposition of punitive damages under a new cause of action violates the rights of Defendant under the Contract Clause of Article I, Section 10 of the United States Constitution;

b. The imposition of punitive damages violates the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution as incorporated by the Fourteenth Amendment of the United States Constitution;

c. Due process requires proof of gross negligence and punitive damages by a standard greater than the preponderance of the evidence standard;

d. Due process requires proof of such claims by proof beyond a reasonable doubt, or alternatively, by clear and convincing evidence;

e. The assessment of punitive damages, a remedy that is essentially criminal in nature, without safeguards greater than that afforded by Texas Civil Procedures and law, constitutes infliction of a criminal penalty without the safeguards by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution;

f. Plaintiff's claims for punitive damages are in contravention of the Commerce Clause of Article I Section 8 of the United States Constitution;

g. Any award of punitive damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and

h. An award of punitive damages, if allowed, would also violate Article 1, Sections 3, 13, and 19 of the Texas Constitution.

19.    Per Rule 94 of the Texas Rules of Civil Procedure, Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** invokes the substantive and procedural safeguards afforded to a defendant who is sued for exemplary damages, as provided by Chapter 41 of the Texas Civil Practice and Remedies Code, including: the heightened standards of recovery of exemplary damages as set forth in Section 41.003; the requirement that prejudgment interest not be assessed or recovered on exemplary damages, as set forth in Section 41.007; the limitation on amount of recovery of

exemplary damages, as set forth in Section 41.008; the requirement for a bifurcated trial, as set forth in Section 41.009; the considerations and evidence which the trier of fact must take into account in making an award of exemplary damages, as set forth in Section 41.010 and 41.011; the jury instructions with respect to an award of exemplary damages, as set forth in Section 41.012; and the requirement for heightened scrutiny in connection with the judicial review of an award of exemplary damages, as set forth in Section 41.013.

20.     For further answer, Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** states that it is entitled, under Texas Civil Practice & Remedies Code Chapter 41, to a limitation on the amount of recovery of exemplary damages pursuant to statute.

21.     For further answer, if such be necessary, Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** avers that it cannot be liable for punitive or exemplary damages unless the requisite proof and standards are satisfied for holding a legal entity liable for punitive damages.

**V.**

22.     Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** gives notice, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that all documents produced by any party to this case will be used at any pretrial proceeding or at the trial of this matter.

**VI.**

23.     Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** reserves the right to amend this answer to assert other and further defenses and claims at a later date.

8

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME,** respectfully prays that upon final hearing hereof that Plaintiff take nothing by reason of this suit and that Defendant go forth and recover its attorney's fees and costs in this behalf expended, and for such other and further relief, at law or in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

_____
**CURTIS (CURT) W. FENLEY, III**
**FENLEY & BATE, L.L.P.**
224 E. LUFKIN AVENUE
LUFKIN, TEXAS 75902-0450
TPN:   (936) 634-3346
FAX:   (936) 639-5874
SBN:   06902010
E-mail: cfenley@fenley-bate.com

***ATTORNEY FOR DEFENDANT***,
**METROPOLITAN PROPERTY AND**
**CASUALTY INSURANCE COMPANY**
**D/B/A METLIFE AUTO & HOME**

## <u>CERTIFICATE OF SERVICE</u>

       I, the undersigned attorney of record in the above-numbered and styled cause, do hereby certify that on the 26th day of May, 2017, I served a true and correct copy of the foregoing Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME's** Original Answer by sending the same as follows:

|  |  |
|---|---|
| Mr. Kirk Mathis | ☐ By certified mail |
| CHANDLER, MATHIS & ZIVLEY, P.C. | ☐ By regular mail |
| P.O. Box 340 | ☐ By overnight mail |
| Lufkin, Texas 75902-0340 | ☐ By hand delivery |
| FAX: (936) 632-1304 | ☒ By Facsimile |
|  | ☒ By EFILE |

_____
CURTIS (CURT) W. FENLEY, III

## VERIFICATION

THE STATE OF _Louisiana_ §
§
COUNTY OF _Caddo Parish_ §

BEFORE ME, the undersigned authority, on this day personally appeared

_Pam Moreau_, whose name is subscribed hereto, and being by me first duly

sworn, deposes and says that he/she is an employee and authorized representative of

**METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a**

**METLIFE AUTO & HOME** in the above-styled and numbered cause and that he/she has read

the foregoing Defendant's Original Answer paragraph(s) 7-11, and that all statements contained

therein are true and correct.

Signed this the _25th_ day of May 2017.

_Pam Moreau_

Print Name & Title: _Pam Moreau_
_Sr. Claim Adjuster_

SUBSCRIBED AND SWORN TO BEFORE ME, by _Pam Moreau_ on this

the _25th_ day of May 2017.

_George Po___

Notary Public, State of _____
My Commission expires on _____

> GEORGE PORTOCARRERO
> NOTARY PUBLIC - LOUISIANA
> CADDO - BOSSIER PARISH
> NOTARY ID NUMBER 056297
> My Commission Is For Life

11

Filed 5/26/2017 1:31:21 PM
Reba Squyres, District Clerk
Angelina County, Texas
By: Alicia Murphy,
Deputy Clerk

**CAUSE NO. CV-00715-16-10**

| | | |
|---|---|---|
| CLARA UWAMU | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | OF |
| | § | |
| BRANDI MCENTIRE; METROPOLITAN | § | |
| PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY d/b/a | § | |
| METLIFE AUTO & HOME | § | |
| | § | |
| **Defendants** | § | ANGELINA COUNTY, TEXAS |



Motion
Removal
**Exhibit 4**

exhibitsticker.com

**DEFENDANT'S MOTION TO SEVER & ABATE SUIT
AND MOTION FOR PROTECTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a METLIFE AUTO & HOME** ("hereafter referred to as **"METROPOLITAN"**), Defendant in the above entitled and numbered cause, and files this its Motion to Sever and Abate, and asks the Court to sever Plaintiff's asserted extra-contractual claims of bad faith, Chapter 541 & 542 Insurance Code violation, and violations of the Texas Deceptive Trade Practices Act ("DTPA") against Defendant, **METROPOLITAN**, into a separate proceeding and thereafter abate such separate proceeding until after final resolution of Plaintiff's underlying action for the accident in question, and in support thereof would respectfully show the Court as follows:

**I.
INTRODUCTION & BACKGROUND**

1.    On October 26, 2016, Plaintiff, **CARA UWAMU**, filed a negligence suit against Defendant, **BRANDI MCENTIRE**, seeking recovery of damages arising from personal injuries

sustained in a motor vehicle accident that occurred on July 7, 2015. *See Plaintiff's Original Petition.*

2.      On April 4, 2017, Plaintiff, **CARA UWAMU**, filed her First Amended Original Petition adding claims against Defendant insurer, **METROPOLITAN.** *See Plaintiff's First Amended Original Petition.* Plaintiff's asserted causes of action against **METROPOLITAN** include both contractual and extra-contractual claims. As a part of the petition Plaintiff requests the Court by way of Declaratory Judgment to "find Defendant McEntire was negligent in causing the underlying wreck on July 7, 2015, and to determine the amount of damages caused by Defendant McEntire…" Plaintiff filed her First Amended Original Petition alleging claims against **METROPOLITAN** for violations of the Texas Insurance Code, bad faith and violations under the Texas Deceptive Trade Practices Act. Presently there is no judicial determination: 1) establishing the liability; or, 2) the underinsured/uninsured status of Defendant McEntire.

## II.
## ARGUMENT & AUTHORITIES

3.      Texas law does not impose a contractual duty on an insurer to pay UIM benefits under a policy until the Plaintiff's obtain a judicial determination establishing the uninsured driver's liability and their resulting damages. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006); *In re Reynolds*, 369 S.W.3d 638, 650-55 (Tex. App.—Tyler 2012, orig. proceeding); *In re United Fire Lloyds of Tex. Ins. Co.*, 327 S.W.3d 250, 257 (Tex. App.—San Antonio 2008, orig. proceeding). Defendant, **METROPOLITAN** maintains that until such a judicial determination is obtained, there can be no liability on the contractual or extra-contractual claims asserted by Plaintiff herein.

4.      Defendant, **METROPOLITAN**, moves the Court to sever Plaintiff, **CLARA UWAMU**'s asserted extra-contractual claims against Defendant, **METROPOLITAN** into a

separate proceeding with a new cause number, and thereafter abate all proceedings and discovery on Plaintiff's severed extra-contractual claims including: bad faith, Insurance Code violation and DTPA claims until further order from this Court.

5.      A court may sever part of a case before the case is submitted to the trier of fact. Tex. R. Civ. P. 41; *State Dep't of Highways & Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993); *Christopher Columbus St. Mkt. LLC v. Zoning Bd. of Adjustments*, 302 S.W.3d 408, 414 (Tex. App.—Houston [14th Dist.] 2009, no pet.). This case has not been submitted to the trier of fact.

A lawsuit may be severed into two suits if (1) it involves more than one distinct and separate cause of action, (2) the severed cause could have been independently asserted in a separate lawsuit, and (3) the severed cause is not so interwoven with the remaining action that they involve the same facts and issues. *In re State*, 355 S.W.3d 611, 614 (Tex. 2011); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007); *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). Although the trial court has broad discretion in determining whether to grant severance, that discretion is not unlimited. *In re Reynolds*, 369 S.W.3d 638, 644 (Tex. App.—Tyler 2012, no pet.). The trial court has a duty to order severance when:

> "all of the facts and circumstances of the case unquestionably require a separate
> trial to prevent manifest injustice, and there is no fact or circumstance
> supporting or tending to support a contrary conclusion, and the legal rights of
> the parties will not be prejudiced thereby." *Womak v. Berry*, 291 S.W.2d 677,
> 682-83 (Tex. 1956)(orig. proceeding).

6.      This case involves the following distinct and separate causes of action which Plaintiff, **CARA UWAMU** has asserted against Defendant, **METROPOLITAN,** each of which arise from the alleged denial of Plaintiff's insurance claim for uninsured or underinsured motorist

("UIM") coverage:

    a.   Breach of Contract;

    b.   Declaratory Judgment;

    c.   Common-law Bad Faith;

    d.   Chapter 541 & 542 Insurance Code violations; and

    e.   DTPA violations.

**A. The Court May Severe of Plaintiff's Extra-Contractual Common-law Bad Faith, Insurance Code Violations, and DTPA Claims from Plaintiff's Contractual Claims.**

7.    When breach-of-contract and bad-faith claims (i.e., contractual and extra-contractual claims) are brought in the same suit, on motion of Defendant insurer, the Court can sever the claims and abate the bad-faith claim until liability on the insurance contract is determined. *See Liberty Nat'l Fire Ins. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996); *In re Allstate Ins. Co.*, 232 S.W.3d 340, 343 (Tex. App.—Tyler 2007, no pet.); *In re Allstate County Mut. Ins. Co.*, 209 S.W.3d 742, 747 (Tex. App.—Tyler 2006, orig. proceeding). *In re Progressive Cty. Mut. Ins.*, 439 S.W.3d 422, 425 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *In re State Farm Mut. Auto. Ins.*, 395 S.W.3d 229, 233 (Tex. App.—El Paso 2012, orig. proceeding).[1] [2] Extra-contractual claims can be severed from breach of contract claims in insurance cases. *See Liberty Nat'l Fire Ins. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996); *In re Allstate Ins. Co.*, 232 S.W.3d 340, 343 (Tex. App.—Tyler 2007, no pet.); *In re Allstate County Mut. Ins. Co.*, 209 S.W.3d 742,

---

[1] The court may also be required to sever the claims to avoid prejudice when the insurer offers to settle the entire breach-of-contract claim because offers of settlement, while inadmissible on the contract claim, can be admissible to rebut evidence of bad faith. *Akin*, 927 S.W.2d at 629; *see In re State Farm Mut. Auto. Ins.*, 395 S.W.3d at 234.

[2] The court may also be required to sever the claims for other compelling circumstances. *Akin*, 927 S.W.2d at 630; *e.g.*, *In re Allstate Cty. Mut. Ins.*, 447 S.W.3d at 500-02 (severance was required when bad-faith claim would be moot if insurer was not found to have breached contract). Other compelling circumstances may include the time, effort, cost, or other judicial resources associated with litigating the bad-faith claim before liability has been established on the breach-of-contract claim. *See, e.g.*, *In re Allstate Cty. Mut. Ins.*, 447 S.W.3d at 500-02 (allowing insured to conduct broad discovery and requiring insurer to prepare and litigate extra-contractual claim were other compelling circumstances requiring severance).

747 (Tex. App.—Tyler 2006, orig. proceeding).

8.      In the present case, Plaintiff, **CARA UWAMU**, has asserted contractual claims (breach of contract and declaratory judgment) and extra-contractual claims (common-law bad faith, Chapter 541 & 542 Insurance Code violations, and DTPA) against Defendant insurer, **METROPOLITAN**. Thus, the Court may sever and abate the extra-contractual claims until liability under the insurance contract is determined.

**B. Severance of Plaintiff's Extra-Contractual Common-law Bad Faith, Insurance Code Violations, and DTPA Claims from Plaintiff's UIM Contractual Claims is Required.**

9.      The Texas Supreme Court in *Brainard* expressly recognized that UIM claims are unique in nature, in that the uninsured/underinsured motorist (UIM) insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *See Brainard v. Trinity Universal Ins. Co*., 216 S.W.3d 809, 811 (Tex. 2006).

10.     Accordingly, many Texas courts have recognized that for UIM claims where liability of the other motorist has not yet been reduced to judgment, denial of a motion to sever and abate the UIM claims and extra-contractual claims, forcing the defendant insurer to engage in discovery and otherwise prepare for trial against an unripe claim which may be rendered moot by determination of the UIM claim, is an abuse of discretion that should be corrected by writ of mandamus as the defendant insurer has no adequate remedy at appeal. *See e.g. In re United Fire Lloyds*, 327 S.W.3d 250 (Tex. App.—San Antonio 2010, no pet.); *In re Farmers Tex. Cnty. Mut. Ins. Co*., 509 S.W.3d 463, 464 (Tex. App.—Austin 2015, no pet.); *Tex. Farm Bureau Underwriters v. Skeen*, 374 S.W.3d 651, 658 (Tex. App.—Tyler 2012, no pet.).

> "The Texas Insurance Code requires insurers to offer Texas motorists uninsured/underinsured coverage and mandates that such coverage provide for payment to the insured of all sums which he shall be legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of

bodily injury or property damage in an amount up to the limit specified in the policy, reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle." *See Brainard*, 216 S.W.3d at 811; citing Tex. Ins. Code Ann. art. 5.06-1(5).

11.     An essential element in a suit based on contract is the existence of a duty or obligation which the opposing party has failed to meet. *Brainard*, 216 S.W.3d at 818. "The language of Tex. Ins. Code Ann. art. 5.06-1(5) means a uninsured/underinsured motorist (UIM) insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Id*. "Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Id*. "Where there is no contractual duty to pay, there is no just amount owed." *Id*. "Thus, …a claim for UIM benefits is not presented until the trial court signs a judgment establishing the negligence and underinsured status of the other motorist." *Id. See also In re United Fire Lloyds*, 327 S.W.3d 250, 256-57 (Tex. App.—San Antonio, 2010, no pet.) ("…[W]e are constrained by the clear holding in *Brainard*, and hold that [insurer] is under no contractual duty to pay UIM benefits until [Plaintiff] establishes the liability and underinsured status of the other motorist. *See Brainard*, 216 SW.3d at 818. Therefore, [insurer] should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits. To require such would not do justice, avoid prejudice, and further convenience. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 658.  Under these circumstances, we conclude the trial court abused its discretion in bifurcating the case instead of severing and abating the UIM claim from the bad faith claims." "…We conclude the trial court abused its discretion in granting [Plaintiff]'s motion for a bifurcated trial and denying [insurer]'s motion to sever and abate."). Finally, in *In re Old Am. County Mutual Fire Ins. Co*., 2013 Tex.App. LEXIS 819 (Tex.App. – Edinburg [13[th] Court]

2013) the court confirm that the trial court abused its discretion in refusing to sever and abate the uninsured motorist claims from the bad faith claims pending the determination of Old American's liability for uninsured motorist damages under the policy.

**C. Avoid Prejudice, Do Justice, and Further the Convenience of the Parties and the Court.**

12.     The Court should grant a severance in this case because the severance would work to avoid prejudice, do justice, and further the convenience of the parties and the Court.

13.     If the extra-contractual claims are not abated, both parties will incur unnecessary discovery expenses if Plaintiff's breach of contract claim is decided in **METROPOLITAN**'s favor. If Plaintiff's breach of contract claim is decided in **METROPOLITAN**'s favor, Plaintiff's extra-contractual claims become moot without any need to proceed to further trial.

**D. If Severance Granted, Abatement of Extra-contractual Claims is Mandatory.**

14.     If severance is granted, the bad-faith claim must be abated until the breach-of-contract claim is resolved. *In re Allstate Cty. Mut. Ins.*, 352 S.W.3d 277, 278 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *U.S. Fire Ins. v. Millard*, 847 S.W.2d 668, 675-76 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding).

15.     **METROPOLITAN** further contends that abatement is necessary to prevent the premature disclosure of privileged information because in conducting discovery on the extra-contractual claims, the Plaintiff will seek information regarding **METROPOLITAN**'s handling of claims that is relevant and discoverable on the extra-contractual claims, but is privileged and protected from discovery when focusing only on the breach of contract claim. In such circumstances, the Tyler 12th Court of Appeals holds that abatement of the severed extra-contractual claims is mandatory. *See In re Allstate Ins. Co.*, 232 S.W.3d 340, 344-45 (Tex. App.—Tyler 2007, no pet.).

16.     As Plaintiff does not have a viable cause of action against Defendant, **METROPOLITAN**, until UIM coverage is triggered by entry of judgment against Defendant, **BRANDIE MCENTIRE**, the Court should sever Plaintiff's asserted extra-contractual causes of action against Defendant, **METROPOLITAN**, into a separate suit, assign a new number to the severed cause, and abate the severed proceedings and discovery until at least 30 days have passed after final judgment is entered on Plaintiff's negligence claim against Defendant, **BRANDIE MCENTIRE** and Plaintiff's UIM contractual claims against Defendant, **METROPOLITAN**.

## III.
## MOTION FOR PROTECTION

Plaintiff sets forth in her First Amended Original Petition various Interrogatories and Request for Production to Defendant **METROPOLITAN**. See Plaintiff's First Amended Petition, paragraphs XVIII and XIX. The discovery requests are specifically calculated to the extra-contractual claims asserted by Plaintiff against Defendant **METROPOLITAN**. As stated above, the claims of Plaintiff against Defendant **METROPOLITAN** must be severed and abated during the pendency of Plaintiff's action to establish liability and to trigger action by Defendant. Defendant therefore moves for protection from the discovery requests of Plaintiff's petition for the reason that the request are abated, the causes of action are not ripe and that the imposition of the unwarranted discovery would necessarily incur unnecessary expense and require disclosure of confidential and protected information before a cause of action exists. Defendant **METRPOLITAN** moves the court for a protective order preventing discovery as set out in Plaintiff's petition under the abatement is concluded.

**PRAYER**

For these reasons, Defendant, **METROPOLITAN,** asks the Court to sever the Plaintiff's contractual and extra-contractual claims from the other causes of action in this case, order the clerk of the Court to assign a new number to the severed cause, and abate proceedings and discovery in the severed cause until further order of this Court. Defendant also prays for all such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

_____
**CURTIS (CURT) W. FENLEY, III**
**FENLEY & BATE, L.L.P.**
224 E. LUFKIN AVENUE
LUFKIN, TEXAS 75902-0450
TPN:   (936) 634-3346
FAX:   (936) 639-5874
SBN:   06902010
E-mail: cfenley@fenley-bate.com

*ATTORNEY FOR DEFENDANT*,
**METROPOLITAN PROPERTY AND**
**CASUALTY INSURANCE COMPANY**
**D/B/A METLIFE AUTO & HOME**

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney of record in the above-numbered and styled cause, do hereby certify that on the 26th day of May, 2017, I served a true and correct copy of the foregoing Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME**'s Motion to Sever and Abate by sending the same as follows:

Mr. Kirk Mathis  
CHANDLER, MATHIS & ZIVLEY, P.C.  
P.O. Box 340  
Lufkin, Texas 75902-0340  
FAX: (936) 632-1304  

☐ By certified mail  
☐ By regular mail  
☐ By overnight mail  
☐ By hand delivery  
☒ By Facsimile  
☒ By EFILE  

_____  
CURTIS (CURT) W. FENLEY, III

**FILED**

August 29, 2017   10:40 O'CLOCK A.M.

Reba Squyres
Clerk of District Court
Angelina County, Texas
By: Crawford, Brittany
Deputy

**CAUSE NO. CV-00715-16-10**

| | | |
|---|---|---|
| CLARA UWAMU | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | OF |
| | § | |
| BRANDI MCENTIERE; | § | |
| METROPOLITAN PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| d/b/a METLIFE AUTO & HOME | § | |
| | § | |
| **Defendants** | § | ANGELINA COUNTY, TEXAS |



Motion
Removal

**Exhibit 5**

### ORDER ON DEFENDANT'S MOTION TO SEVER AND ABATE

After considering Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a METLIFE AUTO & HOME**'s motion to sever and abate, any response on file, the pleadings, and the arguments of counsel, if any, the Court hereby:

1.     GRANTS the motion to sever, severs Plaintiff's asserted claims against Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a METLIFE AUTO & HOME**, regarding breach of contract, insurance code violations, common law bad faith, DTPA, and all claims for damages against **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a METLIFE AUTO & HOME** arising from the claims and orders the court clerk to assign the severed action the separate cause number of _____, copy the following documents, and include them in that file:

    a.  Plaintiff, **CARA UWAMU**'s First Amended Original Petition filed April 4, 2017;

    b.  Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a METLIFE AUTO & HOME's** Original Answer filed May 26, 2017;

    c.  Any other live pleadings of any party which are currently on file in this case;

d.  The following motions, including any subsequent response, filed in this case:

i.  Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a METLIFE AUTO & HOME's** Motion to Sever and Abate filed May 26, 2017;

e.  Any notices sent by the Court to the parties;

f.  A copy of the docket sheet; and

g.  A copy of this order.

2.    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all proceedings and discovery in the severed cause should be and hereby are abated until entry of further order by this Court pending final disposition and resolution of the original suit.

SIGNED on the _____ day of _____, 2017.

Signed: 8/29/2017 09:12 AM

_____

PRESIDING JUDGE

**Motion Removal**

**Exhibit 6**

From : No-Reply@eFileTexas.gov

To : tseay@fenley-bate.com

Sent : 9/07/2017 10:12AM

Subject : Notification of Service for Case: CV-00715-16-10, CLARA UWAMUV. BRANDI MCENTIRE for filing Service Only, Envelope Number: 19307691



# Notification of Service

Case Number: CV-00715-16-10
Case Style: CLARA UWAMUV. BRANDI MCENTIRE
Envelope Number: 19307691

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | CV-00715-16-10 |
| **Case Style** | CLARA UWAMUV. BRANDI MCENTIRE |
| **Date/Time Submitted** | 9/8/2017 10:11 AM CST |
| **Filing Type** | Service Only |
| **Filing Description** | |
| **Filed By** | Brittany Crawford |
| **Service Contacts** | Clara Uwamu: |
| | Kristi von Heimburg (kvon@cmzlaw.net) |
| | Kim Tinajero (ktinajero@cmzlaw.net) |
| | Kirk Mathis (kmathis@cmzlaw.net) |
| | Patty Avilez (pavilez@cmzlaw.net) |
| | METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME: |
| | Curtis (Curt) Fenley, III (cfenley@fenley-bate.com) |
| | Toni Seay (tseay@fenley-bate.com) |

| | |
|---|---|
| | Susie Aguilar (saguilar@fenley-bate.com) |
| | James Coleman (jcoleman@fenley-bate.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 15 days. | |



Rhode Island Department of State
## Nellie M. Gorbea
Secretary of State

**Motion Removal**

**Exhibit 7**

HOME      BUSINESS PORTAL      ELECTIONS      CIVICS AND EDUCATION

## Entity Summary

ID Num ber: 000083041

Request certificate    New search

Summary for:  METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

| | |
|---|---|
| The exact name of the Insurance:  METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | |
| Entity type:  Insurance | |
| Identification Number: 000083041 | |
| Dat e of Organization in Rho de Island:  02-10-1995      Effective Dat e:  02-10-1995 | |

The location of the Principal Office:

Address:

City or Town, State, Zip, Country:              USA

| | |
|---|---|
| Agent Resigned:  N | Address Maintained:  Y |

The name and address of the Resident Agent:

Name:    METROPOLITAN PROPERTY AND CASUALTY INSURANCE

Address:    700 QUAKER LANE

City or Town, State, Zip, Country:          WARWICK,  RI  02818   USA

The Officers and Dire ctors of the Corporation:

| Title | Individual Name | Address |
|---|---|---|
| | | |

Purpose:

REDOMESTICATION OF METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY FROM THE STATE OF DELAWARE TO THE STATE OF RHODE ISLAND.
TITLE: 7-1.1-1

North American Industry Classification System Code(NAICS):

View filing s for this business entity:

ALL FILINGS
Articles of Association
Miscellaneous Filing (Fee Applicable)
Miscellaneous Filing (No Fee)

Click here to access 2006 and 2007 annual reports filed prior to July 25, 2007. The corporate ID is required.

View filings

New search



70 2015 00007391

**Nacogdoches County**
**June Clifton**
**Nacogdoches County Clerk**
**Nacogdoches, Texas 75961**



Notice Removal

**Exhibit 8**

Instrument Number:  2015-7391
As
**Recorded On: October 07, 2015**                    Hospital Lien

Parties: ALEGIS REVENUE GROUP LLC AGENT ETAL

To    UWAMU CLARA                                                **Number of Pages: 2**

Comment: HOSPITAL LIEN

( Parties listed above are for Clerks reference only )

** THIS IS NOT A BILL **

Hospital Lien                     26.00
    Total Recording:          26.00

\*\*\*\*\*\*\*\*\*\*\*\* DO NOT REMOVE. THIS PAGE IS PART OF THE INSTRUMENT \*\*\*\*\*\*\*\*\*\*\*\*

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                              **Record and Return To:**
    Document Number: 2015-7391                   ALEGIS REVENUE GROUP LLC
    Receipt Number: 109447                       25227 GROGANS MILL RD, SUITE 100
    Recorded Date/Time: October 07, 2015 01:36:52P   THE WOODLANDS TX 77380
    Book-Vol/Pg: BK-OPR  VL-4324  PG-275
    User / Station: J Allen - Cash Station 02



I hereby certify that this instrument was filed on the date
and time stamped heron and was duly recorded in the
Official Public Records in Nacogdoches County, Texas

*June Clifton*        JUNE CLIFTON
                      NACOGDOCHES COUNTY CLERK

7391

## HOSPITAL LIEN

**NACOGDOCHES MEMORIAL HOSPITAL** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **NACOGDOCHES MEMORIAL HOSPITAL** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

   **CLARA UWAMU**
   **2807 DANIEL MCCALL DR #411**
   **LUFKIN, TX 75904**

2. Date of Accident: (on or about), 07/07/2015

3. Name and Address of Hospital:

   NACOGDOCHES MEMORIAL HOSPITAL
   1204 MOUND STREET
   NACOGDOCHES TX 75961

```
Filed for Record in:
    Nacogdoches County
On: Oct 07,2015 at  01:36P
        As a
    Hospital Lien
Document Number:        7391
Amount               26.00
    Receipt Number - 109447
        By,
June Clifton, County Clerk
```

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

   BRANDI MCENTIRE

   By: _Wendy Schoenfeld_
   Wendy Schoenfeld
   Alegis Revenue Group, LLC
   Agent for **NACOGDOCHES MEMORIAL**

**HOSPITAL**

### ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on ___9\30\15___ by **Wendy Schoenfeld**.

SANDRA GUEVARA
Notary Public, State of Texas
My Commission Expires
November 17, 2018

_____
Sandra Guevara
Notary Public, State of Texas

My commission expires: **November 17, 2018**

Please return original to:
Alegis Revenue Group, LLC
25227 Grogans Mill Rd, Suite 100
The Woodlands, Texas 77380

## HOSPITAL LIEN

**NACOGDOCHES MEMORIAL HOSPITAL** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **NACOGDOCHES MEMORIAL HOSPITAL** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

    **CLARA UWAMU**
    **2807 DANIEL MCCALL DR #411**
    **LUFKIN, TX 75904**

2. Date of Accident: (on or about), **07/07/2015**

3. Name and Address of Hospital:

    NACOGDOCHES MEMORIAL HOSPITAL
    1204 MOUND STREET
    NACOGDOCHES TX 75961

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

    BRANDI MCENTIRE

    By: _Wendy Schoenfeld_
    Wendy Schoenfeld
    Alegis Revenue Group, LLC
    Agent for **NACOGDOCHES MEMORIAL**

**HOSPITAL**

### ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on ___9\30\15___ by **Wendy Schoenfeld.**

> SANDRA GUEVARA
> Notary Public, State of Texas
> My Commission Expires
> November 17, 2018

_____
Sandra Guevara
Notary Public, State of Texas

My commission expires: **November 17, 2018**

Please return original to:
Alegis Revenue Group, LLC
25227 Grogans Mill Rd, Suite 100
The Woodlands, Texas 77380



# ALEGIS

25227 Grogans Mill Rd. Suite 100
The Woodlands, Texas 77380
(281) 719-7000
(855) 637-7383
(281) 719-7048 *fax*

Date:Monday, November 02, 2015 08:44AM                    From:WOODLANDS TPL

| RECIPIENT | FIRM NAME | TELECOPY NUMBER |
|-----------|-----------|-----------------|
| ASH POPE  |           | (866) 947-0184  |

**Number of pages including cover sheet:** 4

**Description :**CLAIM DAE44741 UWAMU

---

LIEN

---

If you have any problems receiving this transmission, please call (281) 719-7000.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION
INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR
THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT
THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  THANK YOU.

## AFFIDAVIT CONCERNING AUTHENTICITY
## OF MEDICAL RECORDS

THE STATE OF TEXAS
COUNTY OF ANGELINA

BEFORE ME, the undersigned authority, personally appeared _Carolyn Wells_, who being by me duly sworn, deposed as follows:

"My name is _Carolyn Wells_. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

Attached hereto are _22_ pages of medical records pertaining to **CLARA UWAMU** from 07/07/15 to present. These said medical records are kept by **ANGELINA REHABILITATION CENTER** in the regular course of business, and it was the regular course of business **ANGELINA REHABILITATION CENTER** or an employee or representative of **ANGELINA REHABILITATION CENTER** with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The medical records attached hereto are the original or exact duplicates of the original.

_Carolyn Wells_
Affiant

SUBSCRIBED AND SWORN TO before me on this the _1st_ day of _October_, 2015.

VINOD R. SOHINI
Notary Public, State of Texas
My Commission Expires
July 06, 2018

Notary Public, State of Texas

## AFFIDAVIT CONCERNING AUTHENTICITY
## OF MEDICAL RECORDS

**THE STATE OF TEXAS**
**COUNTY OF ANGELINA**

BEFORE ME, the undersigned authority, personally appeared _Sucharitha Sohini_, who being by me duly sworn, deposed as follows:

"My name is _Sucharitha Sohini_. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

Attached hereto are ___ pages of medical records pertaining to CLARA UWAMU from 09/25/15 to present. These said medical records are kept by ANGELINA REHABILITATION CENTER in the regular course of business, and it was the regular course of business ANGELINA REHABILITATION CENTER or an employee or representative of ANGELINA REHABILITATION CENTER with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The medical records attached hereto are the original or exact duplicates of the original.

_____
Affiant

SUBSCRIBED AND SWORN TO before me on this the 25 day of April, 2016.

Crystal Marie Duvall
Notary Public,
State of Texas
Expires 10-01-2018

_____
Notary Public, State of Texas

Angelina Rehabilitation Center

# Patient Account Ledger

As of September 28, 2016

Show all data where the Chart Number is between UWACL000,UWACL000

| Entry | Date | POS | Description | Procedure | Document | Provider | Amount |
|-------|------|-----|-------------|-----------|----------|----------|--------|
| **UWACL000  Clara  Uwamu** | | | | | (513)382-8822 | | |
| | | | Last Payment: -40 00      On: 9/24/2015 | | | | |
| 1170997 | 08/03/2015 | 11 | | 97001 | 1508030000 | VRS | 170 00 |
| 1170998 | 08/03/2015 | 11 | | 97110 | 1508030000 | VRS | 195.00 |
| 1170999 | 08/03/2015 | 11 | | 97140 | 1508030000 | VRS | 65.00 |
| 1171000 | 08/03/2015 | 11 | | 97032 | 1508030000 | VRS | 50.00 |
| 1171001 | 08/03/2015 | 11 | | 97035 | 1508030000 | VRS | 45 00 |
| 1171002 | 08/03/2015 | 11 | | 97010 | 1508030000 | VRS | 25 00 |
| 1173048 | 08/03/2015 | | Uwamu, Clara | CCCOPYMT | 1508030000 | VRS | -40.00 |
| 1171702 | 08/05/2015 | 11 | | 97110 | 1508050000 | VRS | 195.00 |
| 1171703 | 08/05/2015 | 11 | | 97140 | 1508050000 | VRS | 65 00 |
| 1171704 | 08/05/2015 | 11 | | 97032 | 1508050000 | VRS | 50 00 |
| 1171705 | 08/05/2015 | 11 | | 97010 | 1508050000 | VRS | 25 00 |
| 1173139 | 08/07/2015 | 11 | | 97110 | 1508070000 | VRS | 195.00 |
| 1173140 | 08/07/2015 | 11 | | 97140 | 1508070000 | VRS | 65.00 |
| 1173141 | 08/07/2015 | 11 | | 97032 | 1508070000 | VRS | 50.00 |
| 1173142 | 08/07/2015 | 11 | | 97010 | 1508070000 | VRS | 25.00 |
| 1173486 | 08/07/2015 | | Uwamu, Clara | CCCOPYMT | 1508070000 | VRS | -40 00 |
| 1173381 | 08/10/2015 | 11 | | 97110 | 1508100000 | VRS | 195.00 |
| 1173382 | 08/10/2015 | 11 | | 97140 | 1508100000 | VRS | 65 00 |
| 1173383 | 08/10/2015 | 11 | | 97032 | 1508100000 | VRS | 50.00 |
| 1173384 | 08/10/2015 | 11 | | 97010 | 1508100000 | VRS | 25 00 |
| 1174159 | 08/10/2015 | | Uwamu, Clara | CCCOPYMT | 1508100000 | VRS | -40.00 |
| 1174905 | 08/14/2015 | 11 | | 97110 | 1508140000 | VRS | 195.00 |
| 1174906 | 08/14/2015 | 11 | | 97140 | 1508140000 | VRS | 65.00 |
| 1174907 | 08/14/2015 | 11 | | 97032 | 1508140000 | VRS | 50 00 |
| 1174908 | 08/14/2015 | 11 | | 97010 | 1508140000 | VRS | 25 00 |
| 1174993 | 08/14/2015 | | Uwamu, Clara | CCCOPYMT | 1508140000 | VRS | -40.00 |
| 1176341 | 08/17/2015 | 11 | | 97110 | 1508170000 | VRS | 195.00 |
| 1176342 | 08/17/2015 | 11 | | 97140 | 1508170000 | VRS | 65 00 |
| 1176343 | 08/17/2015 | 11 | | 97032 | 1508170000 | VRS | 50.00 |
| 1176344 | 08/17/2015 | 11 | | 97010 | 1508170000 | VRS | 25.00 |
| 1184185 | 08/17/2015 | | Uwamu, Clara | CCCOPYMT | 1508170000 | VRS | -20.92 |
| 1184186 | 08/17/2015 | | Uwamu, Clara | CCCOPYMT | 1508170000 | VRS | -14 51 |
| 1184187 | 08/17/2015 | | Uwamu, Clara | CCCOPYMT | 1508170000 | VRS | -4.57 |
| 1184188 | 08/26/2015 | | #3545 Uwamu, Clara | CHECKPYMT | 1508050000 | VRS | -40.00 |
| 1179189 | 08/26/2015 | 11 | | 97110 | 1508250000 | VRS | 195 00 |
| 1179190 | 08/26/2015 | 11 | | 97140 | 1508250000 | VRS | 65.00 |
| 1179191 | 08/26/2015 | 11 | | 97032 | 1508250000 | VRS | 50 00 |
| 1179192 | 08/26/2015 | 11 | | 97010 | 1508250000 | VRS | 25.00 |
| 1179570 | 08/26/2015 | | #3545 Uwamu, Clara | CHECKPYMT | 1508250000 | VRS | -40.00 |
| 1179992 | 08/31/2015 | 11 | | 97110 | 1508310000 | VRS | 195.00 |
| 1179993 | 08/31/2015 | 11 | | 97140 | 1508310000 | VRS | 65.00 |
| 1179994 | 08/31/2015 | 11 | | 97032 | 1508310000 | VRS | 50 00 |
| 1179995 | 08/31/2015 | 11 | | 97010 | 1508310000 | VRS | 25.00 |
| 1180217 | 08/31/2015 | | Uwamu, Clara | CCCOPYMT | 1508310000 | VRS | -40 00 |
| 1180462 | 09/01/2015 | | BLU00 Billed 9/1/2015 B#7398 | BILLNOTE | 1508170000 | VRS | 0.00 |
| 1180882 | 09/02/2015 | 11 | | 97110 | 1509020000 | VRS | 195.00 |
| 1180883 | 09/02/2015 | 11 | | 97530 | 1509020000 | VRS | 65.00 |
| 1180884 | 09/02/2015 | 11 | | 97012 | 1509020000 | VRS | 40 00 |
| 1180885 | 09/02/2015 | 11 | | 97032 | 1509020000 | VRS | 50 00 |
| 1180886 | 09/02/2015 | 11 | | 97010 | 1509020000 | VRS | 25 00 |
| 1181580 | 09/02/2015 | | Uwamu, Clara | CCCOPYMT | 1509020000 | VRS | -40.00 |
| 1181756 | 09/02/2015 | | Uwamu, Clara | CCCOPYMT | 1509040000 | VRS | -40 00 |
| 1181429 | 09/04/2015 | | ERA:CO45=$113.04 Charge exceed | INSADJ | 1508030000 | VRS | -113 04 |
| 1181430 | 09/04/2015 | | ERA:PR1=$40 00 Deductible Amou | INSADJ | 1508030000 | VRS | 0 00 |

Printed on 09/28/2015  8:08 am

Page 1

Angelina Rehabilitation Center
# Patient Account Ledger
As of September 28, 2015

Show all data where the Chart Number is between UWACL000,UWACL000

| Entry | Date | POS | Description | Procedure | Document | Provider | Amount |
|---|---|---|---|---|---|---|---|
| **UWACL000  Clara  Uwamu** | | | | (513)382-8822 | | | |
| | | | Last Payment -40.00  On 9/24/2015 | | | | |
| 1181431 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -16 96 |
| 1181432 | 09/04/2015 | | ERA:CO45=$122 45 Charge exceed | INSADJ | 1508030000 | VRS | -122.45 |
| 1181433 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -72.55 |
| 1181434 | 09/04/2015 | | ERA:CO45=$42 43 Charge exceeds | INSADJ | 1508030000 | VRS | -42 43 |
| 1181435 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -22 57 |
| 1181436 | 09/04/2015 | | ERA:CO45=$35.49 Charge exceeds | INSADJ | 1508030000 | VRS | -35 49 |
| 1181437 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -14.51 |
| 1181438 | 09/04/2015 | | ERA:CO45=$35.33 Charge exceeds | INSADJ | 1508030000 | VRS | -35 33 |
| 1181439 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -9 67 |
| 1181440 | 09/04/2015 | | ERA:CO45=$20.43 Charge exceeds | INSADJ | 1508030000 | VRS | -20 43 |
| 1181441 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -4.57 |
| 1181442 | 09/04/2015 | | ERA:CO45=$122 45 Charge exceed | INSADJ | 1508050000 | VRS | -122.45 |
| 1181443 | 09/04/2015 | | ERA PR1=$40 00 Deductible Amou | INSADJ | 1508050000 | VRS | 0 00 |
| 1181444 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508050000 | VRS | -32.55 |
| 1181445 | 09/04/2015 | | ERA:CO45=$42 43 Charge exceeds | INSADJ | 1508050000 | VRS | -42.43 |
| 1181446 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508050000 | VRS | -22.57 |
| 1181447 | 09/04/2015 | | ERA CO45=$35.49 Charge exceeds | INSADJ | 1508050000 | VRS | -35 49 |
| 1181448 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508050000 | VRS | -14.51 |
| 1181449 | 09/04/2015 | | ERA CO45=$20.43 Charge exceeds | INSADJ | 1508050000 | VRS | -20,43 |
| 1181450 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508050000 | VRS | -4.57 |
| 1181451 | 09/04/2015 | | ERA CO45=$122.45 Charge exceed | INSADJ | 1508070000 | VRS | -122.45 |
| 1181452 | 09/04/2015 | | ERA:PR1=$40.00 Deductible Amou | INSADJ | 1508070000 | VRS | 0 00 |
| 1181453 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508070000 | VRS | -32 55 |
| 1181454 | 09/04/2015 | | ERA:CO45=$42.43 Charge exceeds | INSADJ | 1508070000 | VRS | -42.43 |
| 1181455 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508070000 | VRS | -22.57 |
| 1181456 | 09/04/2015 | | ERA:CO45=$35 49 Charge exceeds | INSADJ | 1508070000 | VRS | -35,49 |
| 1181457 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508070000 | VRS | -14.51 |
| 1181458 | 09/04/2015 | | ERA.CO45=$20.43 Charge exceeds | INSADJ | 1508070000 | VRS | -20.43 |
| 1181459 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508070000 | VRS | -4 57 |
| 1181460 | 09/04/2015 | | ERA CO45=$122.45 Charge exceed | INSADJ | 1508100000 | VRS | -122,45 |
| 1181461 | 09/04/2015 | | ERA:PR1=$40 00 Deductible Amou | INSADJ | 1508100000 | VRS | 0.00 |
| 1181462 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508100000 | VRS | -32.55 |
| 1181463 | 09/04/2015 | | ERA CO45=$42 43 Charge exceeds | INSADJ | 1508100000 | VRS | -42.43 |
| 1181464 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508100000 | VRS | -22.57 |
| 1181465 | 09/04/2015 | | ERA.CO45=$35 49 Charge exceeds | INSADJ | 1508100000 | VRS | -35.49 |
| 1181466 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508100000 | VRS | -14.51 |
| 1181467 | 09/04/2015 | | ERA:CO45=$20.43 Charge exceeds | INSADJ | 1508100000 | VRS | -20 43 |
| 1181468 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508100000 | VRS | -4.57 |
| 1181469 | 09/04/2015 | | ERA CO45=$122.45 Charge exceed | INSADJ | 1508140000 | VRS | -122 45 |
| 1181470 | 09/04/2015 | | ERA:PR1=$40 00 Deductible Amou | INSADJ | 1508140000 | VRS | 0.00 |
| 1181471 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508140000 | VRS | -32.55 |
| 1181472 | 09/04/2015 | | ERA CO45=$42.43 Charge exceeds | INSADJ | 1508140000 | VRS | -42.43 |
| 1181473 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508140000 | VRS | -22.57 |
| 1181474 | 09/04/2015 | | ERA:CO45=$35 49 Charge exceeds | INSADJ | 1508140000 | VRS | -35.49 |
| 1181475 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508140000 | VRS | -14.51 |
| 1181476 | 09/04/2015 | | ERA CO45=$20 43 Charge exceeds | INSADJ | 1508140000 | VRS | -20 43 |
| 1181477 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508140000 | VRS | -4 57 |
| 1181478 | 09/04/2015 | | ERA:CO45=$122 45 Charge exceed | INSADJ | 1508170000 | VRS | -122 45 |
| 1181479 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508170000 | VRS | -72 55 |
| 1181480 | 09/04/2015 | | ERA.CO45=$42 43 Charge exceeds | INSADJ | 1508170000 | VRS | -42 43 |
| 1181481 | 09/04/2015 | | ERA PR1=$20 92 Deductible Amou | INSADJ | 1508170000 | VRS | 0 00 |
| 1181482 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508170000 | VRS | -1 65 |
| 1181483 | 09/04/2015 | | ERA CO45=$35 49 Charge exceeds | INSADJ | 1508170000 | VRS | -35 49 |
| 1181484 | 09/04/2015 | | ERA.PR1=$14 51 Deductible Amou | INSADJ | 1508170000 | VRS | 0.00 |

Printed on 09/28/2015  8.08 am

Angelina Rehabilitation Center

# Patient Account Ledger

As of September 28, 2016

Show all data where the Chart Number is between UWACL000,UWACL000

| Entry | Date | POS | Description | Procedure | Document | Provider | Amount |
|-------|------|-----|-------------|-----------|----------|----------|--------|
| UWACL000  Clara  Uwamu | | | | (513)382-8822 | | | |
| | | | Last Payment: -40.00      On: 9/24/2015 | | | | |
| 1181485 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508170000 | VRS | 0 00 |
| 1181486 | 09/04/2015 | | ERA PR1=$4.57 Deductible Amoun | INSADJ | 1508170000 | VRS | 0.00 |
| 1181487 | 09/04/2015 | | ERA:CO45=$20 43 Charge exceeds | INSADJ | 1508170000 | VRS | -20.43 |
| 1181488 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508170000 | VRS | 0.00 |
| 1181489 | 09/04/2015 | | ERA PR1=$40.00 Deductible Amou | INSADJ | 1508250000 | VRS | 0 00 |
| 1181490 | 09/04/2015 | | ERA CO45=$122.45 Charge exceed | INSADJ | 1508250000 | VRS | -122.45 |
| 1181491 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508250000 | VRS | -32.55 |
| 1181492 | 09/04/2015 | | ERA:CO45=$42 43 Charge exceeds | INSADJ | 1508250000 | VRS | -42 43 |
| 1181493 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508250000 | VRS | -22 57 |
| 1181494 | 09/04/2015 | | ERA.CO45=$35 49 Charge exceeds | INSADJ | 1508250000 | VRS | -35.49 |
| 1181495 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508250000 | VRS | -14.51 |
| 1181496 | 09/04/2015 | | ERA CO45=$20.43 Charge exceeds | INSADJ | 1508250000 | VRS | -20.43 |
| 1181497 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508250000 | VRS | -4,57 |
| 1181498 | 09/04/2015 | | ERA.PR1=$40 00 Deductible Amou | INSADJ | 1508310000 | VRS | 0.00 |
| 1181499 | 09/04/2015 | | ERA CO45=$122.45 Charge exceed | INSADJ | 1508310000 | VRS | -122.45 |
| 1181500 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508310000 | VRS | -32.55 |
| 1181501 | 09/04/2015 | | ERA:CO45=$42.43 Charge exceeds | INSADJ | 1508310000 | VRS | -42 43 |
| 1181502 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508310000 | VRS | -22 57 |
| 1181503 | 09/04/2015 | | ERA CO45=$35.49 Charge exceeds | INSADJ | 1508310000 | VRS | -35.49 |
| 1181504 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508310000 | VRS | -14.51 |
| 1181505 | 09/04/2015 | | ERA:CO45=$20 43 Charge exceeds | INSADJ | 1508310000 | VRS | -20 43 |
| 1181506 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508310000 | VRS | -4,57 |
| 1181690 | 09/04/2015 | 11 | | 97110 | 1509040000 | VRS | 195 00 |
| 1181691 | 09/04/2015 | 11 | | 97530 | 1509040000 | VRS | 65 00 |
| 1181692 | 09/04/2015 | 11 | | 97012 | 1509040000 | VRS | 40.00 |
| 1181693 | 09/04/2015 | 11 | | 97032 | 1509040000 | VRS | 50.00 |
| 1181694 | 09/04/2015 | 11 | | 97010 | 1509040000 | VRS | 25 00 |
| 1182353 | 09/08/2015 | | Patient statement was billed | PATBILL | 1508050000 | VRS | 0 00 |
| 1186956 | 09/18/2015 | 11 | | 97110 | 1509180000 | VRS | 195.00 |
| 1186957 | 09/18/2015 | 11 | | 97530 | 1509180000 | VRS | 65.00 |
| 1186958 | 09/18/2015 | 11 | | 97032 | 1509180000 | VRS | 50.00 |
| 1186959 | 09/18/2015 | 11 | | 97012 | 1509180000 | VRS | 40.00 |
| 1186960 | 09/18/2015 | 11 | | 97010 | 1509180000 | VRS | 25.00 |
| 1187421 | 09/18/2015 | | Uwamu, Clara | CCCOPYMT | 1509180000 | VRS | -40.00 |
| 1188477 | 09/24/2015 | | Uwamu, Clara | CASHPYMT | 1509250000 | VRS | -40 00 |
| 1188457 | 09/25/2015 | 11 | | 97110 | 1509250000 | VRS | 195 00 |
| 1188458 | 09/25/2015 | 11 | | 97012 | 1509250000 | VRS | 40 00 |
| 1188459 | 09/25/2015 | 11 | | 97530 | 1509250000 | VRS | 65 00 |

Patient Total:    1,265.00

Ledger Total.    $1,265 00

Angelina Rehabilitation Center
## Patient Account Ledger
As of April 19, 2036
Sorted By Data of Service
Show all data where the Chart Number is equal to UWACL000
and the Date From is between 9/25/2015, 4/19/2036

| Entry | Date | POS | Description | Case | Procedure | Document | Provider | Amount |
|-------|------|-----|-------------|------|-----------|----------|----------|--------|
| **UWACL000   Clara Uwamu** | | | | | (513)382-8822 | | | |
| | | Last Payment: -31.98 | On, 11/4/2015 | | | | | |
| 1188457 | 09/25/2015 | 11 | | 8703 | 97110 | 1509250000 | VRS | 195.00 |
| 1188458 | 09/25/2015 | 11 | | 8703 | 97012 | 1509250000 | VRS | 40 00 |
| 1188459 | 09/25/2015 | 11 | | 8703 | 97530 | 1509250000 | VRS | 65.00 |
| 1189599 | 09/30/2015 | | BLU00 Billed 9/30/2015 B#744 | 8703 | BILLNOTE | 1509020000 | VRS | 0 00 |
| 1191223 | 10/02/2015 | 11 | | 8703 | 97110 | 1510020000 | VRS | 195.00 |
| 1191224 | 10/02/2015 | 11 | | 8703 | 97530 | 1510020000 | VRS | 65.00 |
| 1191225 | 10/02/2015 | 11 | | 8703 | 97032 | 1510020000 | VRS | 50.00 |
| 1191226 | 10/02/2015 | 11 | | 8703 | 97010 | 1510020000 | VRS | 25.00 |
| 1191227 | 10/02/2015 | 11 | | 8703 | 97012 | 1510020000 | VRS | 40 00 |
| 1191228 | 10/02/2015 | 11 | | 8703 | 97002 | 1510020000 | VRS | 170 00 |
| 1191797 | 10/02/2015 | | Uwamu, Clara | 8703 | CCCOPYMT | 1510020000 | VRS | -40 00 |
| 1190810 | 10/05/2015 | | ERA CO45=$122.45 Charge ex | 8703 | INSADJ | 1509020000 | VRS | -122.45 |
| 1190811 | 10/05/2015 | | ERA:PR1=$40 00 Deductible A | 8703 | INSADJ | 1509020000 | VRS | 0.00 |
| 1190812 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509020000 | VRS | -32 55 |
| 1190813 | 10/05/2015 | | ERA,CO45=$38.67 Charge exc | 8703 | INSADJ | 1509020000 | VRS | -38.67 |
| 1190814 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509020000 | VRS | -26 33 |
| 1190815 | 10/05/2015 | | ERA CO45=$27 91 Charge exc | 8703 | INSADJ | 1509020000 | VRS | -27 91 |
| 1190816 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509020000 | VRS | -12 09 |
| 1190817 | 10/05/2015 | | ERA,CO45=$35 49 Charge ex | 8703 | INSADJ | 1509020000 | VRS | -35.49 |
| 1190818 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509020000 | VRS | -14 51 |
| 1190819 | 10/05/2015 | | ERA CO45=$20.43 Charge exc | 8703 | INSADJ | 1509020000 | VRS | -20 43 |
| 1190820 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509020000 | VRS | -4 57 |
| 1190821 | 10/05/2015 | | ERA CO45=$122 45 Charge ex | 8703 | INSADJ | 1509040000 | VRS | -122.45 |
| 1190822 | 10/05/2015 | | ERA:PR1=$40 00 Deductible A | 8703 | INSADJ | 1509040000 | VRS | 0.00 |
| 1190823 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509040000 | VRS | -32.55 |
| 1190824 | 10/05/2015 | | ERA,CO45=$38 67 Charge exc | 8703 | INSADJ | 1509040000 | VRS | -38 67 |
| 1190825 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509040000 | VRS | -26 33 |
| 1190826 | 10/05/2015 | | ERA CO45=$27 91 Charge exc | 8703 | INSADJ | 1509040000 | VRS | -27 91 |
| 1190827 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509040000 | VRS | -12 09 |
| 1190828 | 10/05/2015 | | ERA CO45=$35.49 Charge exc | 8703 | INSADJ | 1509040000 | VRS | -35 49 |
| 1190829 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509040000 | VRS | -14,51 |
| 1190830 | 10/05/2015 | | ERA,CO45=$20.43 Charge exc | 8703 | INSADJ | 1509040000 | VRS | -20 43 |
| 1190831 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509040000 | VRS | -4 57 |
| 1190832 | 10/05/2015 | | ERA:CO45=$122 45 Charge ex | 8703 | INSADJ | 1509180000 | VRS | -122,45 |
| 1190833 | 10/05/2015 | | ERA PR1=$40 00 Deductible A | 8703 | INSADJ | 1509180000 | VRS | 0 00 |
| 1190834 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509180000 | VRS | -32.55 |
| 1190835 | 10/05/2015 | | ERA CO45=$38 67 Charge exc | 8703 | INSADJ | 1509180000 | VRS | -38 67 |
| 1190836 | 10/05/2015 | | CJ5274E40612250 | 8703 | INSPYMT | 1509180000 | VRS | -26 33 |
| 1190837 | 10/05/2015 | | ERA:CO45=$35 49 Charge exc | 8703 | INSADJ | 1509180000 | VRS | -35 49 |
| 1190838 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509180000 | VRS | -14 51 |
| 1190839 | 10/05/2015 | | ERA:CO45=$27.91 Charge exc | 8703 | INSADJ | 1509180000 | VRS | -27 91 |
| 1190840 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509180000 | VRS | -12 09 |
| 1190841 | 10/05/2015 | | ERA:CO45=$20.43 Charge exc | 8703 | INSADJ | 1509180000 | VRS | -20 43 |
| 1190842 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509180000 | VRS | -4,57 |
| 1190843 | 10/05/2015 | | ERA:PR1=$40 00 Deductible A | 8703 | INSADJ | 1509250000 | VRS | 0 00 |
| 1190844 | 10/05/2015 | | ERA CO45=$122.45 Charge ex | 8703 | INSADJ | 1509250000 | VRS | -122 45 |
| 1190845 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509250000 | VRS | -32 55 |
| 1190846 | 10/05/2015 | | ERA:CO45=$27 91 Charge exc | 8703 | INSADJ | 1509250000 | VRS | -27 91 |
| 1190847 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509250000 | VRS | -12 09 |
| 1190848 | 10/05/2015 | | ERA CO45=$38 67 Charge exc | 8703 | INSADJ | 1509250000 | VRS | -38 67 |
| 1190849 | 10/05/2015 | | C15274E40612250 | 8703 | INSPYMT | 1509250000 | VRS | -26 33 |
| 1201389 | 11/01/2015 | | BLU00 Billed 11/1/2015 B#747 | 8703 | BILLNOTE | 1510020000 | VRS | 0.00 |

Angelina Rehabilitation Center
## Patient Account Ledger
As of April 19, 2036
Sorted By Date of Service
Show all data where the Chart Number is equal to UWACL000
and the Date From is between 9/25/2015, 4/19/2036

| Entry | Date | POS | Description | Case | Procedure | Document | Provider | Amount |
|-------|------|-----|-------------|------|-----------|----------|----------|--------|
| **UWACL000  Clara Uwamu** | | | | | (513)382-8822 | | | |
| | | | Last Payment: -31 98 | On 11/4/2015 | | | | |
| 1201983 | 11/04/2015 | | ERA:CO45=$122 45 Charge ex | 8703 | INSADJ | 1510020000 | VRS | -122 45 |
| 1201984 | 11/04/2015 | | ERA PR1=$40 00 Deductible A | 8703 | INSADJ | 1510020000 | VRS | 0 00 |
| 1201985 | 11/04/2015 | | C15306E42974280 | 8703 | INSPYMT | 1510020000 | VRS | -32 55 |
| 1201986 | 11/04/2015 | | ERA CO45=$38 67 Charge exc | 8703 | INSADJ | 1510020000 | VRS | -38 67 |
| 1201987 | 11/04/2015 | | C15306E42974280 | 8703 | INSPYMT | 1510020000 | VRS | -26 33 |
| 1201988 | 11/04/2015 | | ERA CO45=$35.49 Charge exc | 8703 | INSADJ | 1510020000 | VRS | -35.49 |
| 1201989 | 11/04/2015 | | C15306E42974280 | 8703 | INSPYMT | 1510020000 | VRS | -14 51 |
| 1201990 | 11/04/2015 | | ERA:CO45=$20.43 Charge exc | 8703 | INSADJ | 1510020000 | VRS | -20 43 |
| 1201991 | 11/04/2015 | | C15306E42974280 | 8703 | INSPYMT | 1510020000 | VRS | -4 57 |
| 1201992 | 11/04/2015 | | ERA CO45=$27 91 Charge exc | 8703 | INSADJ | 1510020000 | VRS | -27 91 |
| 1201993 | 11/04/2015 | | C15306E42974280 | 8703 | INSPYMT | 1510020000 | VRS | -12 09 |
| 1201994 | 11/04/2015 | | ERA:CO45=$138.02 Charge ex | 8703 | INSADJ | 1510020000 | VRS | -138 02 |
| 1201995 | 11/04/2015 | | C15306E42974280 | 8703 | INSPYMT | 1510020000 | VRS | -31.98 |
| | | | | | | | Patient Total | -965 00 |

Ledger Total  -$965 00

Angelina Rehabilitation Center

# Patient Account Ledger

As of September 28, 2015

Show all data where the Chart Number is between UWACL000,UWACL000

| Entry | Date | POS | Description | Procedure | Document | Provider | Amount |
|---|---|---|---|---|---|---|---|
| UWACL000 | Clara Uwamu | | | | (513)382-8822 | | |
| | | Last Payment: -40.00 | On: 9/24/2015 | | | | |
| 1170997 | 08/03/2015 | 11 | | 97001 | 1508030000 | VRS | 170.00 |
| 1170998 | 08/03/2015 | 11 | | 97110 | 1508030000 | VRS | 195.00 |
| 1170999 | 08/03/2015 | 11 | | 97140 | 1508030000 | VRS | 65.00 |
| 1171000 | 08/03/2015 | 11 | | 97032 | 1508030000 | VRS | 50.00 |
| 1171001 | 08/03/2015 | 11 | | 97035 | 1508030000 | VRS | 45.00 |
| 1171002 | 08/03/2015 | 11 | | 97010 | 1508030000 | VRS | 25.00 |
| 1173048 | 08/03/2015 | | Uwamu, Clara | CCCOPYMT | 1508030000 | VRS | -40.00 |
| 1171702 | 08/05/2015 | 11 | | 97110 | 1508050000 | VRS | 195.00 |
| 1171703 | 08/05/2015 | 11 | | 97140 | 1508050000 | VRS | 65.00 |
| 1171704 | 08/05/2015 | 11 | | 97032 | 1508050000 | VRS | 50.00 |
| 1171705 | 08/05/2015 | 11 | | 97010 | 1508050000 | VRS | 25.00 |
| 1173139 | 08/07/2015 | 11 | | 97110 | 1508070000 | VRS | 195.00 |
| 1173140 | 08/07/2015 | 11 | | 97140 | 1508070000 | VRS | 65.00 |
| 1173141 | 08/07/2015 | 11 | | 97032 | 1508070000 | VRS | 50.00 |
| 1173142 | 08/07/2015 | 11 | | 97010 | 1508070000 | VRS | 25.00 |
| 1173486 | 08/07/2015 | | Uwamu, Clara | CCCOPYMT | 1508070000 | VRS | -40.00 |
| 1173381 | 08/10/2015 | 11 | | 97110 | 1508100000 | VRS | 195.00 |
| 1173382 | 08/10/2015 | 11 | | 97140 | 1508100000 | VRS | 65.00 |
| 1173383 | 08/10/2015 | 11 | | 97032 | 1508100000 | VRS | 50.00 |
| 1173384 | 08/10/2015 | 11 | | 97010 | 1508100000 | VRS | 25.00 |
| 1174159 | 08/10/2015 | | Uwamu, Clara | CCCOPYMT | 1508100000 | VRS | -40.00 |
| 1174905 | 08/14/2015 | 11 | | 97110 | 1508140000 | VRS | 195.00 |
| 1174906 | 08/14/2015 | 11 | | 97140 | 1508140000 | VRS | 65.00 |
| 1174907 | 08/14/2015 | 11 | | 97032 | 1508140000 | VRS | 50.00 |
| 1174908 | 08/14/2015 | 11 | | 97010 | 1508140000 | VRS | 25.00 |
| 1174993 | 08/14/2015 | | Uwamu, Clara | CCCOPYMT | 1508140000 | VRS | -40.00 |
| 1176341 | 08/17/2015 | 11 | | 97110 | 1508170000 | VRS | 195.00 |
| 1176342 | 08/17/2015 | 11 | | 97140 | 1508170000 | VRS | 65.00 |
| 1176343 | 08/17/2015 | 11 | | 97032 | 1508170000 | VRS | 50.00 |
| 1176344 | 08/17/2015 | 11 | | 97010 | 1508170000 | VRS | 25.00 |
| 1184185 | 08/17/2015 | | Uwamu, Clara | CCCOPYMT | 1508170000 | VRS | -20.92 |
| 1184186 | 08/17/2015 | | Uwamu, Clara | CCCOPYMT | 1508170000 | VRS | -14.51 |
| 1184187 | 08/17/2015 | | Uwamu, Clara | CCCOPYMT | 1508170000 | VRS | -4.57 |
| 1184188 | 08/26/2015 | | #3545 Uwamu, Clara | CHECKPYMT | 1508050000 | VRS | -40.00 |
| 1179189 | 08/26/2015 | 11 | | 97110 | 1508250000 | VRS | 195.00 |
| 1179190 | 08/26/2015 | 11 | | 97140 | 1508250000 | VRS | 65.00 |
| 1179191 | 08/26/2015 | 11 | | 97032 | 1508250000 | VRS | 50.00 |
| 1179192 | 08/26/2015 | 11 | | 97010 | 1508250000 | VRS | 25.00 |
| 1179370 | 08/26/2015 | | #3545 Uwamu, Clara | CHECKPYMT | 1508250000 | VRS | -40.00 |
| 1179992 | 08/31/2015 | 11 | | 97110 | 1508310000 | VRS | 195.00 |
| 1179993 | 08/31/2015 | 11 | | 97140 | 1508310000 | VRS | 65.00 |
| 1179994 | 08/31/2015 | 11 | | 97032 | 1508310000 | VRS | 50.00 |
| 1179995 | 08/31/2015 | 11 | | 97010 | 1508310000 | VRS | 25.00 |
| 1180217 | 08/31/2015 | | Uwamu, Clara | CCCOPYMT | 1508310000 | VRS | -40.00 |
| 1180462 | 09/01/2015 | | BLU00 Billed 9/1/2015 B#7398 | BILLNOTE | 1508170000 | VRS | 0.00 |
| 1180882 | 09/02/2015 | 11 | | 97110 | 1509020000 | VRS | 195.00 |
| 1180883 | 09/02/2015 | 11 | | 97530 | 1509020000 | VRS | 65.00 |
| 1180884 | 09/02/2015 | 11 | | 97012 | 1509020000 | VRS | 40.00 |
| 1180885 | 09/02/2015 | 11 | | 97032 | 1509020000 | VRS | 50.00 |
| 1180886 | 09/02/2015 | 11 | | 97010 | 1509020000 | VRS | 25.00 |
| 1181580 | 09/02/2015 | | Uwamu, Clara | CCCOPYMT | 1509020000 | VRS | -40.00 |
| 1181756 | 09/02/2015 | | Uwamu, Clara | CCCOPYMT | 1509040000 | VRS | -40.00 |
| 1181429 | 09/04/2015 | | ERA:CO45=$113.04 Charge exceed | INSADJ | 1508030000 | VRS | -113.04 |
| 1181430 | 09/04/2015 | | ERA:PR1=$40.00 Deductible Amou | INSADJ | 1508030000 | VRS | 0.00 |

Printed on 09/28/2015  8:08 am

Page 1

Angelina Rehabilitation Center

## Patient Account Ledger

As of September 28, 2015

Show all data where the Chart Number is between UWACL000,UWACL000

| Entry | Date | POS | Description | Procedure | Document | Provider | Amount |
|-------|------|-----|-------------|-----------|----------|----------|--------|
| **UWACL000  Clara Uwamu** | | | | | (513)382-8822 | | |
| | | | Last Payment: -40.00      On: 9/24/2015 | | | | |
| 1181431 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -16.96 |
| 1181432 | 09/04/2015 | | ERA:CO45=$122.45 Charge exceed | INSADJ | 1508030000 | VRS | -122.45 |
| 1181433 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -72.55 |
| 1181434 | 09/04/2015 | | ERA:CO45=$42.43 Charge exceeds | INSADJ | 1508030000 | VRS | -42.43 |
| 1181435 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -22.57 |
| 1181436 | 09/04/2015 | | ERA:CO45=$35.49 Charge exceeds | INSADJ | 1508030000 | VRS | -35.49 |
| 1181437 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -14.51 |
| 1181438 | 09/04/2015 | | ERA:CO45=$35.33 Charge exceeds | INSADJ | 1508030000 | VRS | -35.33 |
| 1181439 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -9.67 |
| 1181440 | 09/04/2015 | | ERA:CO45=$20.43 Charge exceeds | INSADJ | 1508030000 | VRS | -20.43 |
| 1181441 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508030000 | VRS | -4.57 |
| 1181442 | 09/04/2015 | | ERA:CO45=$122.45 Charge exceed | INSADJ | 1508050000 | VRS | -122.45 |
| 1181443 | 09/04/2015 | | ERA:PR1=$40.00 Deductible Amou | INSADJ | 1508050000 | VRS | 0.00 |
| 1181444 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508050000 | VRS | -32.55 |
| 1181445 | 09/04/2015 | | ERA:CO45=$42.43 Charge exceeds | INSADJ | 1508050000 | VRS | -42.43 |
| 1181446 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508050000 | VRS | -22.57 |
| 1181447 | 09/04/2015 | | ERA:CO45=$35.49 Charge exceeds | INSADJ | 1508050000 | VRS | -35.49 |
| 1181448 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508050000 | VRS | -14.51 |
| 1181449 | 09/04/2015 | | ERA:CO45=$20.43 Charge exceeds | INSADJ | 1508050000 | VRS | -20.43 |
| 1181450 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508050000 | VRS | -4.57 |
| 1181451 | 09/04/2015 | | ERA:CO45=$122.45 Charge exceed | INSADJ | 1508070000 | VRS | -122.45 |
| 1181452 | 09/04/2015 | | ERA:PR1=$40.00 Deductible Amou | INSADJ | 1508070000 | VRS | 0.00 |
| 1181453 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508070000 | VRS | -32.55 |
| 1181454 | 09/04/2015 | | ERA:CO45=$42.43 Charge exceeds | INSADJ | 1508070000 | VRS | -42.43 |
| 1181455 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508070000 | VRS | -22.57 |
| 1181456 | 09/04/2015 | | ERA:CO45=$35.49 Charge exceeds | INSADJ | 1508070000 | VRS | -35.49 |
| 1181457 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508070000 | VRS | -14.51 |
| 1181458 | 09/04/2015 | | ERA:CO45=$20.43 Charge exceeds | INSADJ | 1508070000 | VRS | -20.43 |
| 1181459 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508070000 | VRS | -4.57 |
| 1181460 | 09/04/2015 | | ERA:CO45=$122.45 Charge exceed | INSADJ | 1508100000 | VRS | -122.45 |
| 1181461 | 09/04/2015 | | ERA:PR1=$40.00 Deductible Amou | INSADJ | 1508100000 | VRS | 0.00 |
| 1181462 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508100000 | VRS | -32.55 |
| 1181463 | 09/04/2015 | | ERA:CO45=$42.43 Charge exceeds | INSADJ | 1508100000 | VRS | -42.43 |
| 1181464 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508100000 | VRS | -22.57 |
| 1181465 | 09/04/2015 | | ERA:CO45=$35.49 Charge exceeds | INSADJ | 1508100000 | VRS | -35.49 |
| 1181466 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508100000 | VRS | -14.51 |
| 1181467 | 09/04/2015 | | ERA:CO45=$20.43 Charge exceeds | INSADJ | 1508100000 | VRS | -20.43 |
| 1181468 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508100000 | VRS | -4.57 |
| 1181469 | 09/04/2015 | | ERA:CO45=$122.45 Charge exceed | INSADJ | 1508140000 | VRS | -122.45 |
| 1181470 | 09/04/2015 | | ERA:PR1=$40.00 Deductible Amou | INSADJ | 1508140000 | VRS | 0.00 |
| 1181471 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508140000 | VRS | -32.55 |
| 1181472 | 09/04/2015 | | ERA:CO45=$42.43 Charge exceeds | INSADJ | 1508140000 | VRS | -42.43 |
| 1181473 | 09/04/2015 | | C15245F38436010 | INSPYMT | 1508140000 | VRS | -22.57 |
| 1181474 | 09/04/2015 | | ERA:CO45=$35.49 Charge exceeds | INSADJ | 1508140000 | VRS | -35.49 |
| 1181475 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508140000 | VRS | -14.51 |
| 1181476 | 09/04/2015 | | ERA:CO45=$20.43 Charge exceeds | INSADJ | 1508140000 | VRS | -20.43 |
| 1181477 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508140000 | VRS | -4.57 |
| 1181478 | 09/04/2015 | | ERA:CO45=$122.45 Charge exceed | INSADJ | 1508170000 | VRS | -122.45 |
| 1181479 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508170000 | VRS | -72.55 |
| 1181480 | 09/04/2015 | | ERA:CO45=$42.43 Charge exceeds | INSADJ | 1508170000 | VRS | -42.43 |
| 1181481 | 09/04/2015 | | ERA:PR1=$20.92 Deductible Amou | INSADJ | 1508170000 | VRS | 0.00 |
| 1181482 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508170000 | VRS | -1.65 |
| 1181483 | 09/04/2015 | | ERA:CO45=$35.49 Charge exceeds | INSADJ | 1508170000 | VRS | -35.49 |
| 1181484 | 09/04/2015 | | ERA:PR1=$14.51 Deductible Amou | INSADJ | 1508170000 | VRS | 0.00 |

Angelina Rehabilitation Center
# Patient Account Ledger
As of September 28, 2015
Show all data where the Chart Number is between UWACL000,UWACL000

| Entry | Date | POS | Description | Procedure | Document | Provider | Amount |
|---|---|---|---|---|---|---|---|
| **UWACL000  Clara Uwamu** | | | | (513)382-8822 | | | |
| | | | Last Payment: -40.00     On: 9/24/2015 | | | | |
| 1181485 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508170000 | VRS | 0.00 |
| 1181486 | 09/04/2015 | | ERA:PR1=$4.57 Deductible Amoun | INSADJ | 1508170000 | VRS | 0.00 |
| 1181487 | 09/04/2015 | | ERA:CO45=$20.43 Charge exceeds | INSADJ | 1508170000 | VRS | -20.43 |
| 1181488 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508170000 | VRS | 0.00 |
| 1181489 | 09/04/2015 | | ERA:PR1=$40.00 Deductible Amou | INSADJ | 1508250000 | VRS | 0.00 |
| 1181490 | 09/04/2015 | | ERA:CO45=$122.45 Charge exceed | INSADJ | 1508250000 | VRS | -122.45 |
| 1181491 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508250000 | VRS | -32.55 |
| 1181492 | 09/04/2015 | | ERA:CO45=$42.43 Charge exceeds | INSADJ | 1508250000 | VRS | -42.43 |
| 1181493 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508250000 | VRS | -22.57 |
| 1181494 | 09/04/2015 | | ERA:CO45=$35.49 Charge exceeds | INSADJ | 1508250000 | VRS | -35.49 |
| 1181495 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508250000 | VRS | -14.51 |
| 1181496 | 09/04/2015 | | ERA:CO45=$20.43 Charge exceeds | INSADJ | 1508250000 | VRS | -20.43 |
| 1181497 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508250000 | VRS | -4.57 |
| 1181498 | 09/04/2015 | | ERA:PR1=$40.00 Deductible Amou | INSADJ | 1508310000 | VRS | 0.00 |
| 1181499 | 09/04/2015 | | ERA:CO45=$122.45 Charge exceed | INSADJ | 1508310000 | VRS | -122.45 |
| 1181500 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508310000 | VRS | -32.55 |
| 1181501 | 09/04/2015 | | ERA:CO45=$42.43 Charge exceeds | INSADJ | 1508310000 | VRS | -42.43 |
| 1181502 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508310000 | VRS | -22.57 |
| 1181503 | 09/04/2015 | | ERA:CO45=$35.49 Charge exceeds | INSADJ | 1508310000 | VRS | -35.49 |
| 1181504 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508310000 | VRS | -14.51 |
| 1181505 | 09/04/2015 | | ERA:CO45=$20.43 Charge exceeds | INSADJ | 1508310000 | VRS | -20.43 |
| 1181506 | 09/04/2015 | | C15245E38436010 | INSPYMT | 1508310000 | VRS | -4.57 |
| 1181690 | 09/04/2015 | 11 | | 97110 | 1509040000 | VRS | 195.00 |
| 1181691 | 09/04/2015 | 11 | | 97530 | 1509040000 | VRS | 65.00 |
| 1181692 | 09/04/2015 | 11 | | 97012 | 1509040000 | VRS | 40.00 |
| 1181693 | 09/04/2015 | 11 | | 97032 | 1509040000 | VRS | 50.00 |
| 1181694 | 09/04/2015 | 11 | | 97010 | 1509040000 | VRS | 25.00 |
| 1182353 | 09/08/2015 | | Patient statement was billed | PATBILL | 1508050000 | VRS | 0.00 |
| 1186956 | 09/18/2015 | 11 | | 97110 | 1509180000 | VRS | 195.00 |
| 1186957 | 09/18/2015 | 11 | | 97530 | 1509180000 | VRS | 65.00 |
| 1186958 | 09/18/2015 | 11 | | 97032 | 1509180000 | VRS | 50.00 |
| 1186959 | 09/18/2015 | 11 | | 97012 | 1509180000 | VRS | 40.00 |
| 1186960 | 09/18/2015 | 11 | | 97010 | 1509180000 | VRS | 25.00 |
| 1187421 | 09/18/2015 | | Uwamu, Clara | CCCOPYMT | 1509180000 | VRS | -40.00 |
| 1188477 | 09/24/2015 | | Uwamu, Clara | CASHPYMT | 1509250000 | VRS | -40.00 |
| 1188457 | 09/25/2015 | 11 | | 97110 | 1509250000 | VRS | 195.00 |
| 1188458 | 09/25/2015 | 11 | | 97012 | 1509250000 | VRS | 40.00 |
| 1188459 | 09/25/2015 | 11 | | 97530 | 1509250000 | VRS | 65.00 |

Patient Total: 1,265.00

Ledger Total: $1,265.00

COUNTY OF NACOGDOCHES          §
STATE OF TEXAS                 §

### BILLING RECORDS AFFIDAVIT

RECORDS PERTAINING TO:     CLARA UWAMU

Before me, the undersigned authority, personally appeared: _Linda Gregory_
who by me being duly sworn, deposed as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the **CUSTODIAN OF RECORDS FOR: NACOGDOCHES MEMORIAL HOSPITAL.** Attached hereto are ___ pages of records kept in the regular course of business, at the office of the above, and it was in the regular course of business, at the office of the above, for an employee, or representative, with personal knowledge of the act, event or condition, opinion, or diagnosis recorded to make the memorandum of record or to transmit information hereof to be included in such memorandum or record. The memorandum or record was made at or near the time of the ct, event or condition recorded or reasonable soon thereafter.

**Attached to this affidavit and incorporated by reference are all records of service and correspondence including an itemized statement of the services and care rendered to the above patient and the charges for same. All of the items were necessary to provide good care for the above patient.**

The serviced provided was necessary and the amount charged for the service as reasonable and reflects the amount **NACOGDOCHES MEMORIAL HOSPITAL** has a legal right to be paid for the service provided at the time and place that the service was provided. The total amount PAID for services from 07/07/15 to present was $ 591,145 , and the amount currently unpaid but still owed is $ 608.55 .

_Linda Gregory_
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME this 22nd day of September, 2015.

_Allison Gregory Huff_
Notary Public

ALLISON EMORY HUFFMAN
Notary Public, State of Texas
My Commission Expires
December 04, 2016

| NACOGDOCHES MEMORIAL HOSP | NACOGDOCHES MEMORIAL HOSP | 3a PAT CNTL # 2953941 | 966860001 | 4 TYPE OF BILL 0131 |
|---|---|---|---|---|
| 1204 MOUND ST | 1204 MOUND | b MED REC # 10837-53 | | |
| NACOGDOCHES   TX 759614027 | NACOGDOCHES    TX 75961 | 5 FED TAX NO | 6 STATEMENT COVERS PERIOD FROM 070715 THROUGH 070715 | 7 |
| 9365644611 | | 756000602 | | |

| 8 PATIENT NAME a | 9 PATIENT ADDRESS a 2807 DANIEL MCCALL DR  #411 | | | | |
|---|---|---|---|---|---|
| b UWAMU CLARA | b LUFKIN | | c TX | d 75904 | e |

| 10 BIRTHDATE | 11 SEX | 12 DATE | ADMISSION 13 HR | 14 TYPE | 15 SRC | 16 DHR | 17 STAT | 18 | 19 | 20 | 21 | CONDITION CODES 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 ACDT STATE | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06151962 | F | 070715 | 13 | 1 | 9 | 15 | 01 | | | | | | | | | | | | 00 TX | |

| 31 OCCURRENCE CODE / DATE | 32 OCCURRENCE CODE / DATE | 33 OCCURRENCE CODE / DATE | 34 OCCURRENCE CODE / DATE | 35 OCCURRENCE SPAN CODE / FROM / THROUGH | 36 OCCURRENCE SPAN CODE / FROM / THROUGH | 37 |
|---|---|---|---|---|---|---|
| a 01   070715 | | | | | | |
| b | | | | | | |

| 38 | 39 VALUE CODES CODE / AMOUNT | 40 VALUE CODES CODE / AMOUNT | 41 VALUE CODES CODE / AMOUNT |
|---|---|---|---|
| UWAMU CLARA | a | | |
| 2807 DANIEL MCCALL DR | b | | |
| 411 | c | | |
| LUFKIN TX 75904 | d | | |

| 42 REV CD | 43 DESCRIPTION | 44 HCPCS / RATE / HIPPS CODE | 45 SERV DATE | 46 SERV UNITS | 47 TOTAL CHARGES | 48 NON COVERED CHARGES | 49 |
|---|---|---|---|---|---|---|---|
| 1 | 351 | CAT SCAN OF HEAD OR BRAI | 70450 | 070715 | 1 | 268700 | .00 | 1 |
| 2 | 352 | CAT SCAN OF NECK SPINE | 72125 | 070715 | 1 | 2903.00 | .00 | 2 |
| 3 | 450 | EMERGENCY DEPT VISIT | 9928425 | 070715 | 1 | 126100 | .00 | 3 |

| 0001 | PAGE  1  OF  1 | CREATION DATE 091215 | TOTALS | 685100 | .00 |
|---|---|---|---|---|---|

| 50 PAYER NAME | 51 HEALTH PLAN ID | 52 REL INFO | 53 ASG BEN | 54 PRIOR PAYMENTS | 55 EST AMOUNT DUE | 56 NPI 1801831748 | |
|---|---|---|---|---|---|---|---|
| A BLUE CROSS OF TEXAS | 84980 | Y | Y | 624245 | .00 | 57 OTHER | A |
| B METLIFE AUTO    HOME | 99999 | Y | Y | 0.00 | .00 | OTHER 756000602 | B |
| C | | | | | | PRV ID | C |

| 58 INSURED'S NAME | 59 P REL | 60 INSURED'S UNIQUE ID | 61 GROUP NAME | 62 INSURANCE GROUP NO | |
|---|---|---|---|---|---|
| A UWAMU CLARA | 18 | ZGP837128861 | | | A |
| B UWAMU CLARA | 18 | DAE44741CG | | 008148 | B |
| C | | | | | C |

| 63 TREATMENT AUTHORIZATION CODES | 64 DOCUMENT CONTROL NUMBER | 65 EMPLOYER NAME | |
|---|---|---|---|
| A | | BURKE CENTER | A |
| B | | BURKE CENTER | B |
| C | | | C |

| 66 DX 8470 | 95901 | 7840 | 7231 | 4019 | | | | | 68 |
|---|---|---|---|---|---|---|---|---|---|
| 9 | | | | | | | | | |

| 69 ADMIT DX 7231 | 70 PATIENT REASON DX | 71 PPS CODE | 72 ECI | 73 |
|---|---|---|---|---|

| 74 PRINCIPAL PROCEDURE CODE / DATE | a OTHER PROCEDURE CODE / DATE | b OTHER PROCEDURE CODE / DATE | 75 | 76 ATTENDING NPI 1215952791 QUAL |
|---|---|---|---|---|
| | | | | LAST WARD                FIRST DAVID |
| c OTHER PROCEDURE CODE / DATE | d OTHER PROCEDURE CODE / DATE | e OTHER PROCEDURE CODE / DATE | | 77 OPERATING NPI              QUAL |
| | | | | LAST                     FIRST |

| 80 REMARKS METLIFE AUTO & HOME | 81CC a | 78 OTHER NPI              QUAL |
|---|---|---|
| PO BOX 6040 | b | LAST                     FIRST |
| SCRANTON, PA  18505 | c | 79 OTHER NPI              QUAL |
| | d | LAST                     FIRST |

UB-04 CMS-1450      NUBC04-UB041      APPROVED OMB NO 0938-0997   OCR/Original      NUBC™ 24394604      THE CERTIFICATIONS ON THE REVERSE APPLY TO THIS BILL AND ARE MADE A PART HEREOF



**CLAIM #DAE44741**

## NACOGDOCHES
## *Memorial Hospital*

1204 Mound Street
Nacogdoches, TX 75961
(936) 568-8536

CL (936) 568-8534
2807 DANIEL MCCALL DR
#411
LUFKIN, TX 75904



IF PAYING BY
CREDIT CARD
PLEASE FILL OUT
FORM ON BACK

| PATIENT NAME | | |
|---|---|---|
| UWAMU, CLARA | | |
| PATIENT ACCOUNT NUMBER | ADMIT DATE | DISCHARGE DATE |
| 29683414 | 7/07/15 | 7/07/15 |
| CURRENT BALANCE | BILLING DATE | |
| 608.55 | 9/21/15 | |
| AGREEMENT AMOUNT | PAYMENT DUE DATE | |
| 608.55 | ENTER AMOUNT PAID HERE ▶ | |
| ACCOUNT BALANCE OR PAYMENT ARRANGEMENT | | |

| INSURANCE | | |
|---|---|---|
| PLAN CODE | PLAN NAME | POLICY NO. |
| 3000 | BLUE CROSS OF TEXAS | |
| 6000 | METLIFE AUTO & HOME | |
| | SELF PAY | |

☐ PLEASE CHECK HERE AND SHOW
NAME/ADDRESS CORRECTION ON REVERSE SIDE

DETACH HERE TO ASSURE PROPER CREDIT. PLEASE WRITE YOUR PATIENT NUMBER ON YOUR CHECK AND RETURN UPPER PORTION WITH REMITTANCE

| DATE | DESCRIPTION | QUANTITY | AMOUNT |
|---|---|---|---|
| | Summary of Charges | | |
| 7/07/15 | CT SCAN/HEAD | 1 | 2687.00 |
| 7/07/15 | CT SCAN/BODY | 1 | 2903.00 |
| 7/07/15 | EMERGENCY ROOM | 1 | 1261.00 |
| | Payments and Adjustments | | |
| 8/11/15 | BLUE CROSS PAYMENT | 1- | 591.45CR |
| 8/11/15 | BLUE CROSS DISCOUNT | 1- | 5651.00CR |

*DATES MAY REFLECT POSTING DATE OR SERVICE DATE*

UWAMU, CLARA
PATIENT NAME
29683414
PATIENT NUMBER

| IMPORTANT MESSAGE | AGE OF ACCOUNT | |
|---|---|---|
| INSURANCE PLAN. PLEASE CALL AND MAKE ARRANGEMENTS FOR ANY DEDUCTIBLE/CO-PAY BALANCES DUE PER YOUR POLICY. | 0 TO 30 DAYS | 608.55 |
| | 31 TO 60 DAYS | |
| | 61 TO 90 DAYS | |
| | 91 TO 120 DAYS | |
| | 121 TO 150 DAYS | |
| | 151 TO 180 DAYS | |
| | 181 TO 210 DAYS | |
| | 211 TO 240 DAYS | |
| | 241 TO 270 DAYS | |
| | 271 TO 300 DAYS | |
| **PLEASE READ** | 301 TO 330 DAYS | |
| | 331 TO 360 DAYS | |
| | OVER 360 DAYS | 7/07/15 |
| | DISCHARGE / SERVICE DATE | |
| | AGREEMENT AMOUNT | |

| ACCOUNT SUMMARY | |
|---|---|
| CHARGES | 6851.00 |
| PAYMENTS / OTHER ADJUSTMENTS | 6242.45CR |
| CURRENT ACCOUNT BALANCE | 608.55 |
| ACCOUNT BALANCE OR PAYMENT ARRANGEMENT (IF APPLICABLE) | 608.55 |

RETAIN THIS PORTION          PAYMENTS RECEIVED AFTER BILLING DATE WILL APPEAR ON NEXT STATEMENT

CwReport

Name:      Uwamu, Clara
Address:        2807 Daniel McCall Dr Apt 411, Lufkin TX-75904
Phone:   513-382-8822
Account No:     13247

| Claim No | Date | Description | Charges | Payments | Adjust | WithHeld |
|---|---|---|---|---|---|---|
| Pt Bal | Ins Bal | | | | | |
| 20762 | 07/28/2015 | Charges (Pr:TLW Fac: TLW) | | 112.00 | | |
| 0.00 | 0.00 | | | | | |
| | 08/25/2015 | BCBS of TX | 31.62 | 40.38 | 0.00 | |
| | 07/28/2015 | Patient Payment | 40.00 | 0.00 | 0.00 | |
| 20391 | 06/18/2015 | Charges (Pr:TLW Fac: TLW) | | 142.00 | | |
| 0.00 | 0.00 | | | | | |
| | 07/13/2015 | BCBS of TX | 31.62 | 70.38 | 0.00 | |
| | 06/18/2015 | Patient Payment | 40.00 | 0.00 | 0 00 | |
| 18155 | 11/25/2014 | Charges (Pr:TLW Fac: TLW) | | 112.00 | | |
| 0.00 | 0.00 | | | | | |
| | 01/27/2015 | BCBS of TX | 0.00 | 0.00 | 0.00 | |
| | 12/16/2014 | BCBS of TX | 31.62 | 40.38 | 0.00 | |
| | 11/25/2014 | Patient Payment | 40.00 | 0.00 | 0.00 | |
| 16925 | 08/14/2014 | Charges (Pr:TLW Fac: TLW) | | 168.00 | | |
| 0.00 | 0.00 | | | | | |
| | 09/03/2014 | BCBS of TX | 105.68 | 62.32 | 0.00 | |
| 16912 | 08/13/2014 | Charges (Pr:TLW Fac: TLW) | | 75.00 | | |
| 0.00 | 0.00 | | | | | |
| | 09/03/2014 | BCBS of TX | 2.83 | 32.17 | 0.00 | |
| | 09/03/2014 | ADM:Administrative Adjustment | | | | 40.00 |
| 16720 | 07/24/2014 | Charges (Pr:TLW Fac: TLW) | | 188.00 | | |
| 0.00 | 0.00 | | | | | |
| | 09/03/2014 | BCBS of TX | 72.83 | 75.17 | 0.00 | |
| | 07/24/2014 | Patient Payment | 40.00 | 0.00 | 0.00 | |
| | Total | | $797.00 | $436.20 $360.80 | $0.00 $0.00 | $0.00 |

```
NACOGDOCHES MEMORIAL HOSP        Telephone Number 936 564-4611        9/21/15
1204 MOUND ST

NACOGDOCHES        TX 759614027                                  Page    1
                                                  Receipt #            44399
--------------------------------------------------------------------------
                          D E M A N D   B I L L
--------------------------------------------------------------------------
THIS IS NOT A FINAL BILL.
Due to charging delays this bill may not reflect all charges due.
--------------------------------------------------------------------------

                                       Reference #          388579
UWAMU, CLARA                           Account #         2968341-4
2807 DANIEL MCCALL DR                  Admission Date      7/07/15
#411                                   Discharge Date      7/07/15
LUFKIN            TX 75904

 Date    Charge   Description                     Quantity     Total
--------------------------------------------------------------------------
 7/07/15  4514014T CT Head w/o Contrast                 1     $2687.00
 7/07/15  4514378T CT C Spine w/o Contrast              1     $2903.00
 7/07/15  7002033T ER VISIT LEVEL 4                     1     $1261.00
 8/11/15  9703000T BLUE CROSS DISCOUNT                 1-     $5651.00-
 8/11/15  9930009T BLUE CROSS PAYMENT                  1-      $591.45-
--------------------------------------------------------------------------
 **END**         Total less any delayed charges =============>   $608.55
```

NACOGDOCHES MEMORIAL HOSP          Telephone Number 936 564-4611          9/21/15
1204 MOUND ST

NACOGDOCHES          TX 759614027
                                                              Page    2
                                              Receipt #          44399


          Account Number...........    2968341-4
          Patient Name.............  UWAMU, CLARA

          Total Charges............    $6851.00
          Total Adjustments........    $5651.00-
          Total Payments...........     $591.45-

          Current Account Balance...     $608.55


          Keep This Receipt For Your Tax Records

CwReport

Name:     Uwamu, Clara
Address:     2807 Daniel McCall Dr Apt 411, Lufkin TX-75904
Phone:     513-382-8822
Account No:     13247

| Claim No | Date | Description | Charges | Payments | | Adjust | WithHeld |
|---|---|---|---|---|---|---|---|
| Pt Bal | Ins Bal | | | | | | |
| 20762 | 07/28/2015 | Charges (Pr:TLW Fac: TLW) | | 112.00 | | | |
| 0.00 | 0.00 | | | | | | |
| | 08/25/2015 | BCBS of TX | 31.62 | 40.38 | 0.00 | | |
| | 07/28/2015 | Patient Payment | 40.00 | 0.00 | 0.00 | | |
| 20391 | 06/18/2015 | Charges (Pr:TLW Fac: TLW) | | 142.00 | | | |
| 0.00 | 0.00 | | | | | | |
| | 07/13/2015 | BCBS of TX | 31.62 | 70.38 | 0.00 | | |
| | 06/18/2015 | Patient Payment | 40.00 | 0.00 | 0.00 | | |
| 18155 | 11/25/2014 | Charges (Pr:TLW Fac: TLW) | | 112.00 | | | |
| 0.00 | 0.00 | | | | | | |
| | 01/27/2015 | BCBS of TX | 0.00 | 0.00 | 0.00 | | |
| | 12/16/2014 | BCBS of TX | 31.62 | 40.38 | 0.00 | | |
| | 11/25/2014 | Patient Payment | 40.00 | 0.00 | 0.00 | | |
| 16925 | 08/14/2014 | Charges (Pr:TLW Fac: TLW) | | 168.00 | | | |
| 0.00 | 0.00 | | | | | | |
| | 09/03/2014 | BCBS of TX | 105.68 | 62.32 | 0.00 | | |
| 16912 | 08/13/2014 | Charges (Pr:TLW Fac: TLW) | | 75.00 | | | |
| 0.00 | 0.00 | | | | | | |
| | 09/03/2014 | BCBS of TX | 2.83 | 32.17 | 0.00 | | |
| | 09/03/2014 | ADM:Administrative Adjustment | | | | | 40.00 |
| 16720 | 07/24/2014 | Charges (Pr:TLW Fac: TLW) | | 188.00 | | | |
| 0.00 | 0.00 | | | | | | |
| | 09/03/2014 | BCBS of TX | 72.83 | 75.17 | 0.00 | | |
| | 07/24/2014 | Patient Payment | 40.00 | 0.00 | 0.00 | | |
| | Total | $797.00 $436.20 $360.80 $0.00 | | | $0.00 | $0.00 | |

Page 1

```
NACOGDOCHES MEMORIAL HOSP        Telephone Number 936 564-4611            9/21/15
'1204 MOUND ST

NACOGDOCHES          TX 759614027                                   Page    1
                                                    Receipt #         44399
-------------------------------------------------------------------------------
                          D E M A N D   B I L L
-------------------------------------------------------------------------------
THIS IS NOT A FINAL BILL.
Due to charging delays this bill may not reflect all charges due.
-------------------------------------------------------------------------------


                                        Reference #          388579
UWAMU, CLARA                            Account #          2968341-4
2807 DANIEL MCCALL DR                   Admission Date       7/07/15
#411                                    Discharge Date       7/07/15
LUFKIN               TX 75904
```

| Date | Charge | Description | Quantity | Total |
|------|--------|-------------|----------|-------|
| 7/07/15 | 4514014T | CT Head w/o Contrast | 1 | $2687.00 |
| 7/07/15 | 4514378T | CT C Spine w/o Contrast | 1 | $2903.00 |
| 7/07/15 | 7002033T | ER VISIT LEVEL 4 | 1 | $1261.00 |
| 8/11/15 | 9703000T | BLUE CROSS DISCOUNT | 1- | $5651.00~ |
| 8/11/15 | 9930009T | BLUE CROSS PAYMENT | 1- | $591.45- |

```
-------------------------------------------------------------------------------
**END**          Total less any delayed charges ============>       $608.55
```

NACOGDOCHES MEMORIAL HOSP        Telephone Number 936 564-4611        9/21/15
1204 MOUND ST

NACOGDOCHES        TX 759614027                                      Page    2
                                                   Receipt #        44399


          Account Number...........   2968341-4
          Patient Name.............  UWAMU, CLARA

          Total Charges............    $6851.00
          Total Adjustments........    $5651.00-
          Total Payments...........     $591.45-

          Current Account Balance...    $608.55

          Keep This Receipt For Your Tax Records

```
NACOGDOCHES MEMORIAL HOSP       Telephone Number 936 564-4611          9/21/15
1204 MOUND ST

NACOGDOCHES           TX 759614027                                 Page     1
                                                     Receipt #          44399
-------------------------------------------------------------------------------
                          D E M A N D   B I L L
-------------------------------------------------------------------------------
THIS IS NOT A FINAL BILL.
Due to charging delays this bill may not reflect all charges due.
-------------------------------------------------------------------------------

                                          Reference #            388579
UWAMU, CLARA                              Account #          2968341-4
2807 DANIEL MCCALL DR                     Admission Date      7/07/15
#411                                      Discharge Date      7/07/15
LUFKIN                TX 75904
```

| Date | Charge | Description | Quantity | Total |
|------|--------|-------------|----------|-------|
| 7/07/15 | 4514014T | CT Head w/o Contrast | 1 | $2687.00 |
| 7/07/15 | 4514378T | CT C Spine w/o Contrast | 1 | $2903.00 |
| 7/07/15 | 7002033T | ER VISIT LEVEL 4 | 1 | $1261.00 |
| 8/11/15 | 9703000T | BLUE CROSS DISCOUNT | 1- | $5651.00- |
| 8/11/15 | 9930009T | BLUE CROSS PAYMENT | 1- | $591.45- |

```
-------------------------------------------------------------------------------
**END**          Total less any delayed charges ============>       $608.55
```

NACOGDOCHES MEMORIAL HOSP        Telephone Number 936 564-4611        9/21/15
1204 MOUND ST

NACOGDOCHES             TX 759614027
                                                        Page    2
                                            Receipt #       44399


        Account Number............  2968341-4
        Patient Name.............  UWAMU, CLARA

        Total Charges............     $6851.00
        Total Adjustments........     $5651.00-
        Total Payments...........      $591.45-

        Current Account Balance...     $608.55

        Keep This Receipt For Your Tax Records

**COUNTY OF ANGELINA**      §
**STATE OF TEXAS**      §

### BILLING RECORDS AFFIDAVIT

RECORDS PERTAINING TO:     CLARA UWAMU

Before me, the undersigned authority, personally appeared: _Frances Felts_
who by me being duly sworn, deposed as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the **CUSTODIAN OF RECORDS FOR: TERRY L. WELLS, M.D.** Attached hereto are __1__ pages of records kept in the regular course of business, at the office of the above, and it was in the regular course of business, at the office of the above, for an employee, or representative, with personal knowledge of the act, event or condition, opinion, or diagnosis recorded to make the memorandum of record or to transmit information hereof to be included in such memorandum or record. The memorandum or record was made at or near the time of the ct, event or condition recorded or reasonable soon thereafter.

**Attached to this affidavit and incorporated by reference are all records of service and correspondence including an itemized statement of the services and care rendered to the above patient and the charges for same. All of the items were necessary to provide good care for the above patient.**

The serviced provided was necessary and the amount charged for the service as reasonable and reflects the amount **TERRY L. WELLS, M.D.** has a legal right to be paid for the service provided at the time and place that the service was provided. The total amount PAID for services from 07/07/15 to present was $ __71.62__, and the amount currently unpaid but still owed is $ __0__.

_Frances Felts_
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME this _21st_ day of _September_, 2015.

JOYCE EDWARDS
Notary Public, State of Texas
My Commission Expires
January 08, 2016

_Joyce Edwards_
Notary Public

**150828300710421**

# HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

MetLife
P O Box 6040
Scranton, PA  18505

CARRIER

XXX PICA | PICA XXX

| 1 MEDICARE ☐ (Medicare#) | MEDICAID ☐ (Medicaid#) | TRICARE ☐ (ID#/DoD#) | CHAMPVA ☐ (Member ID#) | GROUP HEALTH PLAN ☐ (ID#) | FECA BLK LUNG ☐ (ID#) | OTHER ☒ (ID#) | 1a. INSURED'S I D NUMBER (For Program in Item 1) DAELYYI CG |

| 2 PATIENT'S NAME (Last Name, First Name, Middle Initial) UWAMU, CLARA | 3 PATIENT'S BIRTH DATE MM 06 DD 15 YY 1962  SEX M☐ F☒ | 4 INSURED'S NAME (Last Name, First Name, Middle Initial) UWAMU, CLARA |

| 5 PATIENT'S ADDRESS (No., Street) 2807 DANIEL MCCALL DR APT 411 | 6 PATIENT RELATIONSHIP TO INSURED Self ☒ Spouse ☐ Child ☐ Other ☐ | 7 INSURED'S ADDRESS (No., Street) 2807 DANIEL MCCALL DR APT 411 |

| CITY LUFKIN | STATE TX | 8 RESERVED FOR NUCC USE | CITY LUFKIN | STATE TX |

| ZIP CODE 75904 | TELEPHONE (Include Area Code) ( ) | | ZIP CODE 75904 | TELEPHONE (Include Area Code) ( ) |

| 9 OTHER INSURED'S NAME (Last Name, First Name, Middle Initial) | 10 IS PATIENT'S CONDITION RELATED TO | 11 INSURED'S POLICY GROUP OR FECA NUMBER 008148 |

| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a EMPLOYMENT? (Current or Previous) ☐ YES ☒ NO | a INSURED'S DATE OF BIRTH MM 06 DD 15 YY 1962 SEX M☐ F☒ |

| b RESERVED FOR NUCC USE | b AUTO ACCIDENT? ☐ YES ☒ NO PLACE (State) | b OTHER CLAIM ID (Designated by NUCC) |

| c RESERVED FOR NUCC USE | c OTHER ACCIDENT? ☐ YES ☒ NO | c INSURANCE PLAN NAME OR PROGRAM NAME |

| d INSURANCE PLAN NAME OR PROGRAM NAME | 10d CLAIM CODES (Designated by NUCC) | d IS THERE ANOTHER HEALTH BENEFIT PLAN? ☐ YES ☒ NO If yes, complete items 9, 9a, and 9d |

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM
12 PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below

SIGNED  SIGNATURE ON FILE  DATE 07 24 14

13 INSURED'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize payment of medical benefits to the undersigned physician or supplier for services described below

SIGNED  SIGNATURE ON FILE

| 14 DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP) MM DD YY QUAL. | 15 OTHER DATE QUAL. MM DD YY | 16 DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION FROM MM DD YY TO MM DD YY |

| 17 NAME OF REFERRING PROVIDER OR OTHER SOURCE DN TERRY L WELLS MD | 17a 17b NPI | 18 HOSPITALIZATION DATES RELATED TO CURRENT SERVICES FROM MM DD YY TO MM DD YY |

| 19 ADDITIONAL CLAIM INFORMATION (Designated by NUCC) | 20 OUTSIDE LAB? ☐ YES ☒ NO  $ CHARGES |

| 21 DIAGNOSIS OR NATURE OF ILLNESS OR INJURY  Relate A-L to service line below (24E)  ICD Ind 9 | 22 RESUBMISSION CODE ORIGINAL REF NO |

A 847 0  B 627 2  C 268 9  D 724 2
E 4011  F 38610  G  H
I  J  K  L

23 PRIOR AUTHORIZATION NUMBER

| 24 A. DATE(S) OF SERVICE From MM DD YY  To MM DD YY | B PLACE OF SERVICE | C EMG | D PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E DIAGNOSIS POINTER | F $ CHARGES | G DAYS OR UNITS | H EPSDT Family Plan | I ID QUAL | J RENDERING PROVIDER ID # |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 07 28 15 | 11 | | 99213 | | ABCD | 112 00 | 1 | | NPI | |
| 2 | | | | | | | | | | NPI | |
| 3 | | | | | | | | | | NPI | |
| 4 | | | | | | | | | | NPI | |
| 5 | | | | | | | | | | NPI | |
| 6 | | | | | | | | | | NPI | |

| 25 FEDERAL TAX I D NUMBER 752542417  SSN☐ EIN☒ | 26 PATIENT'S ACCOUNT NO 20762 | 27 ACCEPT ASSIGNMENT? (For govt. claims, see back) ☐ YES ☐ NO | 28 TOTAL CHARGE $ 112 00 | 29 AMOUNT PAID $ 72 00 | 30 Rsvd for NUCC Use |

| 31 SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)  TERRY L WELLS, MD  SIGNED  DATE 08 25 15 | 32 SERVICE FACILITY LOCATION INFORMATION TERRY L WELLS MD 1015 ELLIS AVE LUFKIN TX 75904-3397 | 33 BILLING PROVIDER INFO & PH # (936 )6343329 TERRY L. WELLS, M.D. 1015 ELLIS AVE LUFKIN TX 75904-3397 |

NUCC Instruction Manual available at  www.nucc.org  PLEASE PRINT OR TYPE  APPROVED OMB-0938-1197 FORM 1500 (02-12)

PATIENT AND INSURED INFORMATION

PHYSICIAN OR SUPPLIER INFORMATION

| | |
|---|---|
| **COUNTY OF ANGELINA** | § |
| **STATE OF TEXAS** | § |

## BILLING RECORDS AFFIDAVIT

RECORDS PERTAINING TO:     CLARA UWAMU

Before me, the undersigned authority, personally appeared: Sernonia Megare
who by me being duly sworn, deposed as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the CUSTODIAN OF RECORDS FOR: WOODLAND HEIGHTS MEDICAL CENTER. Attached hereto are ____ pages of records kept in the regular course of business, at the office of the above, and it was in the regular course of business, at the office of the above, for an employee, or representative, with personal knowledge of the act, event or condition, opinion, or diagnosis recorded to make the memorandum of record or to transmit information hereof to be included in such memorandum or record. The memorandum or record was made at or near the time of the ct, event or condition recorded or reasonable soon thereafter.

Attached to this affidavit and incorporated by reference are all records of service and correspondence including an itemized statement of the services and care rendered to the above patient and the charges for same. All of the items were necessary to provide good care for the above patient.

The serviced provided was necessary and the amount charged for the service as reasonable and reflects the amount WOODLAND HEIGHTS MEDICAL CENTER has a legal right to be paid for the service provided at the time and place that the service was provided. The total amount PAID for services from 07/07/15 to present was $ 431.46 , and the amount currently unpaid but still owed is $ 1251.88 .

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME this ____ day of OCt , 2015.

_____
Notary Public

DEMAND BILL

WOODLAND HEIGHTS MED CTR
505 S JOHN REDDITT
LUFKIN          TX
75904-3120
936-637-8512

PATIENT NAME              ACCOUNT NO.    ADMIT DATE  DIS. DATE           PAGE
UWAMA CLARA               6481196         7/22/15    7/22/15               1

242595  GUARANTOR NAME/ADDR.      F/C   INS. CO/PLANS           POLICY #
      UWAMA CLARA               Y     BLUE CHOICE            ZGP837128861
      2807 DANIEL MCCALL DR #41
      LUFKIN TX  75904

                                              AGE                    DR. NAME
                                               53                HALL JOHN C

      CHRG CODE    DESCRIPTION        QTY  UNIT PRICE    AMOUNT     CPT CODE
---------------------------------------------------------------------------
7/31/15 0000000 PAYMENT                                   431.46CR
7/31/15 0000001                                          3839.14CR
7/22/15 1210233 KETOROLAC 15MG INJ     4      5.69         22.76    J1885
7/22/15 1218126 ORPHENADR UP TO 60MG   1     92.25         92.25    J2360
7/22/15 1631535 CT-CERV SPINE WO       1   3096.97       3096.97    72125
7/22/15 1913224 EXTENDED ED VISIT      1   1572.52       1572.52    99284 25
7/22/15 1913248 THERAPEUTIC DX SQ IM   2    368.99        737.98    96372

                    ** SUMMARY OF CHARGES **
                    ** TOTAL CHARGES      **      5522.48
                    ** TOTAL PAYMENTS     **       431.46CR
                    ** TOTAL ADJUSTMENTS  **      3839.14CR
                    ** TOTAL AMOUNT DUE   **      1251.88

PRIMARY DIAGNOSIS :  7235

SIGNATURE :
TAX I.D. :          621762559
PROVIDER # :        450484

```
DEMAND BILL                 WOODLAND HEIGHTS MED CTR
                            505 S JOHN REDDITT
                            LUFKIN        TX
                            75904-3120
                            936-637-8512

   PATIENT NAME         ACCOUNT NO.    ADMIT DATE  DIS. DATE          PAGE
UWAMA CLARA             6481196         7/22/15     7/22/15              1


242595  GUARANTOR NAME/ADDR.      F/C   INS. CO/PLANS           POLICY #
   UWAMA CLARA                     Y    BLUE CHOICE        ZGP837128861
   2807 DANIEL MCCALL DR #41
   LUFKIN TX  75904


                                         AGE               DR. NAME
                                          53          HALL JOHN C

     CHRG CODE    DESCRIPTION      QTY  UNIT PRICE     AMOUNT    CPT CODE
----------------------------------------------------------------------------
7/31/15 0000000 PAYMENT                                431.46CR
7/31/15 0000001                                       3839.14CR
7/22/15 1210233 KETOROLAC 15MG INJ   4      5.69        22.76   J1885
7/22/15 1218126 ORPHENADR UP TO 60MG 1     92.25        92.25   J2360
7/22/15 1631535 CT-CERV SPINE WO     1   3096.97      3096.97   72125
7/22/15 1913224 EXTENDED ED VISIT    1   1572.52      1572.52   99284 25
7/22/15 1913248 THERAPEUTIC DX SQ IM 2    368.99       737.98   96372


                    ** SUMMARY OF CHARGES **
                    ** TOTAL CHARGES       **      5522.48
                    ** TOTAL PAYMENTS      **       431.46CR
                    ** TOTAL ADJUSTMENTS   **      3839.14CR
                    ** TOTAL AMOUNT DUE    **      1251.88


PRIMARY DIAGNOSIS :   7235

SIGNATURE :
TAX I.D. :          621762559
PROVIDER # :        450484
```

```
        DEMAND BILL              WOODLAND HEIGHTS MED CTR
                                 505 S JOHN REDDITT
                                 LUFKIN          TX
                                 75904-3120
                                 936-637-8512

      PATIENT NAME              ACCOUNT NO.   ADMIT DATE  DIS. DATE              PAGE
 UWAMA CLARA                    6481196        7/22/15     7/22/15                 1


  242595  GUARANTOR NAME/ADDR.        F/C   INS. CO/PLANS            POLICY #
     UWAMA CLARA                      Y     BLUE CHOICE           ZGP837128861
     2807 DANIEL MCCALL DR #41
     LUFKIN TX  75904


                                                   AGE                    DR. NAME
                                                   53              HALL JOHN C

       CHRG CODE    DESCRIPTION        QTY  UNIT PRICE       AMOUNT       CPT CODE
-----------------------------------------------------------------------------------
 7/31/15 0000000 PAYMENT                                     431.46CR
 7/31/15 0000001                                           3839.14CR
 7/22/15 1210233 KETOROLAC 15MG INJ      4       5.69         22.76       J1885
 7/22/15 1218126 ORPHENADR UP TO 60MG    1      92.25         92.25       J2360
 7/22/15 1631535 CT-CERV SPINE WO        1    3096.97       3096.97       72125
 7/22/15 1913224 EXTENDED ED VISIT       1    1572.52       1572.52       99284 25
 7/22/15 1913248 THERAPEUTIC DX SQ IM    2     368.99        737.98       96372


                         ** SUMMARY OF CHARGES **
                         ** TOTAL CHARGES      **      5522.48
                         ** TOTAL PAYMENTS     **       431.46CR
                         ** TOTAL ADJUSTMENTS  **      3839.14CR
                         ** TOTAL AMOUNT DUE   **      1251.88



 PRIMARY DIAGNOSIS :   7235

 SIGNATURE :
 TAX I.D. :            621762559
 PROVIDER # :          450484
```

STATE OF TEXAS
COUNTY OF ANGELINA

### CERTIFICATION OF RECORDS

Enclosed are the prescription records of **BROOKSHIRE BROTHERS PHARMACY** (__1__ page(s)). We are producing the records pursuant to a subpoena/authorized release issued to **BROOKSHIRE BROTHERS PHARMACY** in the matter of **CLARA UWAMU**. Please accept this document as certification of the records produced herewith. The records you have requested are maintained by **BROOKSHIRE BROTHERS PHARMACY** . The records produced herewith are accurate, complete, true and correct copies of all records received or retrieved by **BROOKSHIRE BROTHERS PHARMACY** pursuant to your request. I further certify that **BROOKSHIRE BROTHERS PHARMACY** is the custodian of record, that the records were kept in the regular course of business and that this is a regularly conducted business activity, that these records were made at or near the time the acts, events, conditions, opinions, or diagnoses occurred or within a reasonable time thereafter, that the charges were reasonable for similar services, necessary as payment for a prescription filled by our pharmacy pursuant to a doctor's order and finally that these records were made by, or from information transmitted by, a person with knowledge of the acts, events, conditions, opinions or diagnoses stated therein.

_Sandra Wellson_
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME this 25th day of September, 2015.

_Rhonda Courtney_
Notary Public

Rhonda C. Courtney
Commission Expires
11-03-2017

Brookshire Bros #25 Lufkin Gaslight
1807 W Frank Ave Frnt
Lufkin, TX 75904-5108
(936) 634-8394

**Patient:** Uwamu, Clara
2807 Daniel McCall Dr Apt 411
Lufkin, TX 75904
**DOB:** 6/15/1962
(513) 382-8822

07/07/2015 to 09/25/2015

| Drug | NDC | Gnrc | Rx# | Rf# | Rph | Date | Qty | Patient Paid | Third Party Paid | Plan | Daw | Days | Prescriber |
|------|-----|------|-----|-----|-----|------|-----|--------------|------------------|------|-----|------|------------|
| Tramadol Hcl 50mg Tab | 65162-0627-50 | Y | 772173 | 0 | JU | 07/07/2015 | 20.00000 | 1.86 | 0.00 | BC Texas | 0 | 3 | Ward, David |
| Diclofenac Sodium Dr 75mg Tab | 00781-1789-01 | Y | 772172 | 0 | JF | 07/07/2015 | 20.00000 | 6.21 | 0.00 | BC Texas | 0 | 10 | Ward, David |

Total Patient Paid: $8.07

Total Third Party Paid: $0.00

No. Of Rxs: 2

Signature

NCPDP: 4507604          Tax ID: 72-2692839

9/25/2015 7:08 AM

**COUNTY OF ANGELINA** §
**STATE OF TEXAS** §

## BILLING RECORDS AFFIDAVIT

RECORDS PERTAINING TO: CLARA UWAMU

Before me, the undersigned authority, personally appeared: Reey Kple
who by me being duly sworn, deposed as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the **CUSTODIAN OF RECORDS FOR: LUFKIN RADIOLOGY ASSOCIATES.** Attached hereto are __1__ pages of records kept in the regular course of business, at the office of the above, and it was in the regular course of business, at the office of the above, for an employee, or representative, with personal knowledge of the act, event or condition, opinion, or diagnosis recorded to make the memorandum of record or to transmit information hereof to be included in such memorandum or record. The memorandum or record was made at or near the time of the ct, event or condition recorded or reasonable soon thereafter.

**Attached to this affidavit and incorporated by reference are all records of service and correspondence including an itemized statement of the services and care rendered to the above patient and the charges for same. All of the items were necessary to provide good care for the above patient.**

The serviced provided was necessary and the amount charged for the service as reasonable and reflects the amount **LUFKIN RADIOLOGY ASSOCIATES** has a legal right to be paid for the service provided at the time and place that the service was provided. The total amount PAID for services from 07/07/15 to present was $ __0.00__ , and the amount currently unpaid but still owed is $ __102.27__ .

Regmy Kple
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME this _13th_ day of _October_ , 2015.

CHERYL D. LUNSFORD
Notary Public, State of Texas
My Commission Expires
November 05, 2017

Cheryl D. Lunsford
Notary Public

PLJ                    LUFKIN RADIOLOGY ASSOCIATES
                       PO BOX 1888
                       GREENVILLE TX 75403-1888
                       PHONE#: 888/791-9367
                       TAX ID#: 752709148

*********************** S P E C I A L   S T A T E M E N T ********************
RESPONSIBLE PARTY:
-------------------------------------
CLARA UWAMU                                    DATE...:  10-12-15
2807 DANIEL MCCALL DR #41
LUFKIN TX 75904                        ACCOUNT BALANCE:    102.77
                                       SELFPAY BALANCE:    102.77


PATIENT NAME:                                 ACCOUNT NO.
-------------                                 -----------
CLARA UWAMU                                    4646-6481196


```
          ----------- ENCOUNTER# 1 TRANSACTIONS -----------
DATE      QTY  CODE   SITE  DESCRIPTION                        CHARGES
---------------------------------------------------------------------
07-22-15   1   72125   AE   CT  C-SPINE  W/O CONTRAST           215.80
                            DR: CODY DUVALL, MD
08-06-15   1   0335    P    BCBS OF TX ELECTRONIC                 0.00
                            DR: CODY DUVALL, MD
08-06-15   1   0399    P    BLUESHIELD WRITE OFF                -112.23
                            DR: CODY DUVALL, MD
                            ** ENCOUNTER TOTAL                  102.77
```


-------------------------------------------------------------------
                                      BALANCE:    102.77


**THERE WILL BE A FEE ADDED TO YOUR ACCOUNT ON ALL
RETURNED CHECKS.

PLJ
LUFKIN RADIOLOGY ASSOCIATES
PO BOX 1888
GREENVILLE TX 75403-1888
PHONE: 888/791-9367
TAX ID#: 752709148

****************** S P E C I A L   S T A T E M E N T ******************
RESPONSIBLE PARTY:
-----------------------------------------

CLARA UWAMU                                    DATE. .·   10-12-15
2807 DANIEL MCCALL DR #41
LUFKIN TX 75904                   ACCOUNT BALANCE.    102.77
                                 SELFPAY BALANCE      102.77


PATIENT NAME:                                 ACCOUNT NO.
-----------------                             ----------------
CLARA UWAMU                                    4646-6481196




          ---------- ENCOUNTERS 1 TRANSACTIONS ----------
DATE      QTY  CODE    SITE  DESCRIPTION                  CHARGES
------------------------------------------------------------------
07-22-15   1   72125   A2   CT  C-SPINE  W/O CONTRAST      215 00
                             DR. CODY DUVALL, MD
08-06-15   1   0335    P    BCBS OF TX ELECTRONIC            0 00
                             DR: CODY DUVALL, MD
08-06-15   1   0399    P    BLUESHIELD WRITE OFF           -112.23
                             DR. CODY DUVALL, MD
                            ** ENCOUNTER TOTAL             102.77




------------------------------------------------------------------
                                      BALANCE:    102.77


**THERE WILL BE A FEE ADDED TO YOUR ACCOUNT ON ALL
RETURNED CHECKS

COUNTY OF NACOGDOCHES       §
STATE OF TEXAS              §

## BILLING RECORDS AFFIDAVIT

RECORDS PERTAINING TO:     CLARA UWAMU

Before me, the undersigned authority, personally appeared: Baigan Maddox
who by me being duly sworn, deposed as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the **CUSTODIAN OF RECORDS FOR: RADIOLOGY CONSULTANTS OF NACOGDOCHES.** Attached hereto are __1__ pages of records kept in the regular course of business, at the office of the above, and it was in the regular course of business, at the office of the above, for an employee, or representative, with personal knowledge of the act, event or condition, opinion, or diagnosis recorded to make the memorandum of record or to transmit information hereof to be included in such memorandum or record. The memorandum or record was made at or near the time of the ct, event or condition recorded or reasonable soon thereafter.

Attached to this affidavit and incorporated by reference are **all records of service and correspondence including an itemized statement of the services and care rendered to the above patient and the charges for same. All of the items were necessary to provide good care for the above patient.**

The serviced provided was necessary and the amount charged for the service as reasonable and reflects the amount **RADIOLOGY CONSULTANTS OF NACOGDOCHES** has a legal right to be paid for the service provided at the time and place that the service was provided. The total amount PAID for services from 07/07/15 to present was $ __0__ , and the amount currently unpaid but still owed is $__611__ .

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME this 21st day of October , 2015.

_____
Notary Public

SELENE EIVETTHE LOPEZ
Notary Public, State of Texas
My Commission Expires
February 16, 2016

RADIOLOGY CONSULTANTS OF NAC
PO BOX 5370
LONGVIEW, TX 75608-5370

Please see detail above regarding your
services. If you have medical insurance
please contact us immediately. Otherwise
please remit payment. Thank you.

800 318-5578
TAX ID751642162

ACCOUNT NO.        85465-01                    STATEMENT DATE  10/19/15

CLARA UWAMU                              **Records provided by**
2807 DANIEL MCCALL DR              **Acclaim Radiology Management**
LUFKIN, TX 75904                        **on behalf of our client.**

| DATE | PATIENT | DR# AT RF | DESCRIPTION | ICD10 | AMOUNT |
|------|---------|-----------|-------------|-------|--------|
| 07/07/15 | CLARA | 1  2 | 70450/26 CT HEAD/BRAIN W/O CO | 95901 | 161.00 |
| 07/07/15 | CLARA | 1  2 | 72125/26 CT CERVICAL SPINE W/ | 7231 | 216.00 |
| 10/01/15 | CLARA | | 815 CSII COLLECTION ADJU *unpaid* | | (377.00-) |

TOTAL CURRENT        $.00

Total outstanding
Balance $477.⁰⁰

COUNTY OF OKLAHOMA    §
STATE OF OKLAHOMA    §

## BILLING RECORDS AFFIDAVIT

RECORDS PERTAINING TO:    CLARA UWAMU

Before me, the undersigned authority, personally appeared: Amy Guerra
who by me being duly sworn, deposed as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the **CUSTODIAN OF RECORDS FOR: TEXAS EMERGENCY STAFFING SOLUTION.** Attached hereto are __1__ pages of records kept in the regular course of business, at the office of the above, and it was in the regular course of business, at the office of the above, for an employee, or representative, with personal knowledge of the act, event or condition, opinion, or diagnosis recorded to make the memorandum of record or to transmit information hereof to be included in such memorandum or record. The memorandum or record was made at or near the time of the ct, event or condition recorded or reasonable soon thereafter.

**Attached to this affidavit and incorporated by reference are all records of service and correspondence including an itemized statement of the services and care rendered to the above patient and the charges for same. All of the items were necessary to provide good care for the above patient.**

The serviced provided was necessary and the amount charged for the service as reasonable and reflects the amount **TEXAS EMERGENCY STAFFING SOLUTION** has a legal right to be paid for the service provided at the time and place that the service was provided. The total amount PAID for services from 07/07/15 to present was $ 120.88 _____, and the amount currently unpaid but still owed is $ 30.21 _____.

Agent for Intermedix
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME this 1ˢᵗ day of June, 2016

LISA M. MERIDETH
Notary Public
State of Oklahoma
Commission # 11010279  Expires 11/11/19

Notary Public

CLARA UWAMU
2807 DANIEL MCCALL DR APT 411
LUFKIN, TX 75904-7152

# HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

| | PICA | | |

| 1. MEDICARE (Medicare#) | MEDICAID (Medicaid#) | TRICARE (ID#/DoD#) | CHAMPVA (Member ID#) | GROUP HEALTH PLAN (ID#) [X] | FECA BLK LUNG (ID#) | OTHER (ID#) | 1a. INSURED'S I.D. NUMBER (For Program in Item 1) |

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) | 3. PATIENT'S BIRTH DATE / SEX | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) |
|---|---|---|
| UWAMU, CLARA | 06 15 1962 M / F [X] | UWAMU, CLARA |

| 5. PATIENT'S ADDRESS (No., Street) | 6. PATIENT RELATIONSHIP TO INSURED | 7. INSURED'S ADDRESS (No., Street) |
|---|---|---|
| 2807 DANIEL MCCALL DR APT 411 | Self [X] Spouse Child Other | 2807 DANIEL MCCALL DR APT 411 |

| CITY | STATE | 8. RESERVED FOR NUCC USE | CITY | STATE |
| LUFKIN | TX | | LUFKIN | TX |

| ZIP CODE | TELEPHONE (Include Area Code) | | ZIP CODE | TELEPHONE (Include Area Code) |
| 75904-7152 | (513) 382 8822 | | 75904-7152 | (513) 382 8822 |

| 9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial) | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER |
|---|---|---|
| UWAMU CLARA | | |

| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a. EMPLOYMENT? (Current or Previous) | a. INSURED'S DATE OF BIRTH / SEX |
| ZGP837128861 | YES [X] NO | 06 15 1962 M / F [X] |

| b. RESERVED FOR NUCC USE | b. AUTO ACCIDENT? PLACE (State) | b. OTHER CLAIM ID (Designated by NUCC) |
| | [X] YES NO TX | |

| c. RESERVED FOR NUCC USE | c. OTHER ACCIDENT? | c. INSURANCE PLAN NAME OR PROGRAM NAME |
| | [X] YES NO | AUTO INSURANCE |

| d. INSURANCE PLAN NAME OR PROGRAM NAME | 10d. CLAIM CODES (Designated by NUCC) | d. IS THERE ANOTHER HEALTH BENEFIT PLAN? |
| BC/BS OF TEXAS | | [X] YES NO If yes, complete items 9, 9a, and 9d. |

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SIGNATURE ON FILE

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SIGNATURE ON FILE

| 14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP) | 15. OTHER DATE | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION |
|---|---|---|
| 07 07 2015 QUAL. 431 | QUAL. 439 07 07 2015 | FROM TO |

| 17. NAME OF REFERRING PROVIDER OR OTHER SOURCE | 17a. 1G OTH000 | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES |
| DN DAVID A WARD PA PA | 17b. NPI 1215952791 | FROM TO |

| 19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC) | | 20. OUTSIDE LAB? YES NO $ CHARGES |

| 21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. Relate A-L to service line below (24E) ICD Ind. 9 | | 22. RESUBMISSION CODE / ORIGINAL REF. NO. |
|---|---|---|
| A. 847.0 B. 959.01 C. 784.0 D. | | |
| E. F. G. H. | | 23. PRIOR AUTHORIZATION NUMBER |
| I. J. K. L. | | |

| 24. A. DATE(S) OF SERVICE From / To | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS / MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID. QUAL | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|
| 07 07 15 07 07 15 | 23 | Y | 99285 | ABC | 1105 00 | 1 | | NPI | 1215952791 |
| | | | | | | | | NPI | |
| | | | | | | | | NPI | |
| | | | | | | | | NPI | |
| | | | | | | | | NPI | |
| | | | | | | | | NPI | |

| 25. FEDERAL TAX I.D. NUMBER | SSN EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? | 28. TOTAL CHARGE | 29. AMOUNT PAID | 30. Rsvd for NUCC Use |
|---|---|---|---|---|---|---|
| 300292237 | [X] | 0044170729 | [X] YES NO | $ 1105 00 | $ 0 00 | |

| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS I certify that the statements on the reverse apply to this bill and are made a part thereof.) | 32. SERVICE FACILITY LOCATION INFORMATION | 33. BILLING PROVIDER INFO & PH # (800) 225 0953 |
|---|---|---|
| DAVID A WARD PA PA | NACOGDOCHES MEMORIAL HOSPITAL | TX EMERGENCY STAFFING SOLUTION |
| | 1204 N MOUND ST | PO BOX 96118 |
| SIGNED SGF 08/03/15 1801831748 | NACOGDOCHE, TX 75961-4027 | OKLAHOMA CITY, OK 73143-6118 |
| | | 1011942949 G2300292237 |

NUCC Instruction Manual available at: www.nucc.org     PLEASE PRINT OR TYPE     APPROVED OMB-0938-1197 FORM 1500 (02-12)

COMMERCIAL INSURANCE     CASE# 300029683414     PHN# (800) 225-0953